# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SEQUENTIAL BRANDS GROUP, INC., *et al.*,[1] | Case No. 21-11194 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 5** |

## ORDER AUTHORIZING RETENTION AND APPOINTMENT OF KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS AND NOTICING AGENT

Upon the application (the "Section 156(c) Application") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for retention and appointment of Kurtzman Carson Consultants LLC ("KCC") as claims and noticing agent ("Claims and Noticing Agent"), pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code,[2] and Local Rule 2002-1(f) to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket, and otherwise administer the proofs of claim filed in the Debtors' Chapter 11 Cases, and (iii) provide such other administrative services—as required by the Debtors—that would fall within the purview of services to be provided by the Clerk's office; and upon the Jordan Declaration submitted in support of the Section 156(c) Application; and it appearing that the receiving, docketing, and maintaining of proofs of claim would be unduly time-consuming and burdensome for the Clerk; and this Court being authorized under 28 U.S.C. § 156(c) to utilize, at

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Sequential Brands Group, Inc. (2789), SQBG, Inc. (9546), Sequential Licensing, Inc. (7108), William Rast Licensing, LLC (4304), Heeling Sports Limited (0479), Brand Matter, LLC (1258), SBG FM, LLC (8013), Galaxy Brands LLC (9583), The Basketball Marketing Company, Inc. (7003), American Sporting Goods Corporation (1696), LNT Brands LLC (3923), Joe's Holdings LLC (3085), Gaiam Brand Holdco, LLC (1581), Gaiam Americas, Inc. (8894), SBG-Gaiam Holdings, LLC (8923), SBG Universe Brands, LLC (4322), and GBT Promotions LLC (7003). The Debtors' corporate headquarters and the mailing address for each Debtor is 1407 Broadway, 38th Floor, New York, NY 10018.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Section 156(c) Application.

the Debtors' expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy, and transmit proofs of claim; and this Court being satisfied that KCC has the capability and experience to provide such services and that KCC does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and good and sufficient notice of the Section 156(c) Application having been given and no other or further notice being required; and it appearing that the employment of KCC is in the best interests of the Debtors, their estates, and creditors; and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted, as set forth herein.

2. Notwithstanding the terms of the Retention Agreement attached to the Section 156(c) Application, the Section 156(c) Application is approved solely as set forth in this Order.

3. The Debtors are authorized to retain KCC as Claims and Noticing Agent effective *nunc pro tunc* to the Petition Date under the terms of the Retention Agreement, and KCC is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in these Chapter 11 Cases, and all related tasks, all as described in the Section 156(c) Application.

4. KCC shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these Chapter 11 Cases and is authorized and directed to maintain official claims registers for each of the Debtors, to provide public access to every proof of claim unless otherwise ordered by this Court, and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

5. KCC is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim. KCC shall provide access to the Claims Register without charge, including access to complete copies of proofs of claim with attachments, if any.

6. KCC is authorized to take such other action to comply with all duties set forth in the Section 156(c) Application and this Order.

7. KCC shall comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

8. Without further order of this Court, the Debtors are authorized to compensate KCC in accordance with the terms of the Retention Agreement upon the receipt of reasonably detailed monthly invoices setting forth the services provided by KCC and the rates charged for each, and to reimburse KCC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for KCC to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

9. KCC shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors (if appointed), and any party-in-interest who specifically requests service of the monthly invoices.

10. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Retention Agreement or monthly invoices; *provided* that the parties may seek resolution of the matter from the Court if resolution is not achieved.

11. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of KCC under this Order shall be an administrative expense of the Debtors' estates.

12. KCC may apply its retainer to all pre-petition invoices, which retainer shall be replenished to the original retainer amount, and, thereafter, KCC may hold its retainer under the Retention Agreement during the Chapter 11 Cases as security for payment of fees and expenses incurred under the Retention Agreement.

13. Except to the extent set forth below, the Debtors are authorized to indemnify KCC under the terms of the Retention Agreement:

    (a) KCC shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Retention Agreement for services other than the claims and noticing services provided under the Retention Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

    (b) The Debtors shall have no obligation to indemnify KCC, or provide contribution or reimbursement to KCC, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from KCC's gross negligence, willful misconduct, bad faith, self-dealing, breach of fiduciary duty (if any) or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of KCC's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theater Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i), but determined by this Court, after notice and a hearing, to be a claim or expense for which the Claims and Noticing Agent should not receive indemnity, contribution, or reimbursement under the terms of the Retention Agreement as modified by this Order.

14. If, before the entry of an order closing these Chapter 11 Cases, KCC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Retention Agreement (as modified by this Order), including the advancement of defense costs, KCC must file an application therefor in this Court, and the Debtors may not pay any such amounts to KCC before the entry of an order by this Court approving the payment. This paragraph is intended only to

specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by KCC for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify KCC. All parties in interest shall retain the right to object to any demand by KCC for indemnification, contribution or reimbursement.

15. In the event that KCC is unable to provide the services set out in this Order, KCC will immediately notify the Clerk and the Debtors' counsel and, upon approval of this Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' attorney.

16. KCC shall not cease providing Claims and Noticing Services during the Debtors' Chapter 11 Cases for any reason, including nonpayment, without an order of the Court.

17. The Debtors may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code and/or any applicable law, for work that is to be performed by KCC but is not specifically authorized by this Order.

18. Notwithstanding any provision in the Services Agreement to the contrary, KCC's entitlement to attorneys' fees shall not include any fees incurred defending any fee applications as may be filed in these cases.

19. Notwithstanding any term in the Service Agreements to the contrary, during the chapter 11 cases KCC's liability will not be limited to the amount paid or billed to the Debtors.

20. The Debtors and KCC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Section 156(c) Application.

21. Notwithstanding any term in the Retention Agreement to the contrary, this Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

22. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

23. In the event of any inconsistency between the Retention Agreement, the Section 156(c) Application and the Order, this Order shall govern.

**Dated: September 1st, 2021**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE