# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SEQUENTIAL BRANDS GROUP, INC., *et al.*,[1] | ) ) ) | Case No. 21-11194 (JTD) |
| Debtors. | ) ) ) | (Jointly Administered) **Docket Ref. No. 8** |

## INTERIM ORDER (A) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, INCLUDING MAINTENANCE OF EXISTING BANK ACCOUNTS, CHECKS AND BUSINESS FORMS; (B) AUTHORIZING CONTINUATION OF EXISTING DEPOSIT PRACTICES; (C) WAIVING CERTAIN U.S. TRUSTEE GUIDELINES; (D) AUTHORIZING CONTINUATION OF INTERCOMPANY TRANSACTIONS; (E) GRANTING PRIORITY STATUS TO POSTPETITION INTERCOMPANY CLAIMS; (F) AUTHORIZING THE DEBTORS TO OPEN AND CLOSE BANK ACCOUNTS AND (G) GRANTING RELATED RELIEF

Upon the *Motion of Debtors for Interim and Final Orders (A) Authorizing Continued Use of Existing Cash Management System, Including Maintenance of Existing Bank Accounts, Checks and Business Forms, (B) Authorizing Continuation of Existing Deposit Practices; (C) Waiving Certain U.S. Trustee Guidelines, (D) Authorizing Continuation of Intercompany Transactions, (E) Granting Priority Status to Postpetition Intercompany Claims, (F) Authorizing the Debtors to Open and Close Bank Accounts and (G) Granting Related Relief* (the "Motion")[2] filed by the above-captioned affiliated debtors and debtors-in-possession (the "Debtors"); and the Court

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Sequential Brands Group, Inc. (2789), SQBG, Inc. (9546), Sequential Licensing, Inc. (7108), William Rast Licensing, LLC (4304), Heeling Sports Limited (0479), Brand Matter, LLC (1258), SBG FM, LLC (8013), Galaxy Brands LLC (9583), The Basketball Marketing Company, Inc. (7003), American Sporting Goods Corporation (1696), LNT Brands LLC (3923), Joe's Holdings LLC (3085), Gaiam Brand Holdco, LLC (1581), Gaiam Americas, Inc. (8894), SBG-Gaiam Holdings, LLC (8923), SBG Universe Brands, LLC (4322), and GBT Promotions LLC (7003). The Debtors' corporate headquarters and the mailing address for each Debtor is 1407 Broadway, 38th Floor, New York, NY 10018.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and the Court having considered the First Day Declaration; and the Court having determined that the legal and factual basis set forth in the Motion and at the Hearing establishes just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis, as set forth herein.

2. Subject to any interim or final order approving the Debtors' use of cash collateral and/or any postpetition financing facility (in either case, a "DIP Order"), the Debtors are authorized, but not directed to maintain and continue to use the Cash Management System, and collect, transfer and disburse cash in accordance with the Cash Management System, including through Intercompany Transactions.

3. Any existing deposit agreements between the Debtors and the Bank shall continue to govern the postpetition cash management relationship between the Debtors and the Bank, and all

of the provisions of these agreements, including the termination and fee provisions, shall remain in full force and effect, and the Debtors and the Bank may, without further order of this Court, agree to and implement non-material changes to the Cash Management System and cash management procedures in the ordinary course of business, subject to the terms and conditions of this Interim Order, including closing any of the Bank Accounts or opening new accounts whenever the Debtors deem that those accounts are needed or appropriate, and to enter into any ancillary agreements related to the foregoing, as they may deem necessary and appropriate, subject to the terms and provisions of the Debtors' agreements with the Bank; *provided* that the Debtors shall consult with counsel to the administrative agent under the BoA Credit Agreement (the "BoA Agent") prior to opening or closing any Bank Accounts and give notice within fifteen (15) days after opening or closing a Bank Account to the U.S. Trustee, counsel to the BoA Agent, counsel to the DIP Agent and counsel to any statutory committee appointed in the chapter 11 cases; *provided further* that the Debtors shall open any new bank accounts only at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or are willing to immediately execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee.

4. The Debtors are authorized, but not directed, to (a) continue to use any and all of the Bank Accounts in existence as of the Petition Date in the same manner and with the same account numbers, styles and document forms as are currently employed; (b) deposit funds in and withdraw funds from the Bank Accounts in the ordinary course by all usual means, including checks, wire transfers, drafts, ACH transfers and electronic fund transfers or other items presented, issued or drawn on the Bank Accounts; (c) pay ordinary course bank fees in connection with the Bank Accounts, including any fees arising prior to the Petition Date; (d) perform their obligations under the documents and agreements governing the Bank Accounts; and (e) for all purposes, treat the

Bank Accounts as accounts of the Debtors in their capacities as debtors in possession.

5. The Debtors shall continue to maintain records related to Intercompany Balances, so that Intercompany Transactions can be readily ascertained, traced and accounted for through intercompany accounts. The Debtors shall make any and all such records available to the U.S. Trustee and any official committee appointed in these cases upon request.

6. The Bank and the Debtors' financial institutions shall be, and hereby are, authorized, without further order of this Court, to (a) process, honor, pay and, if necessary, reissue any and all checks, including prepetition checks that the Debtors reissue postpetition, and electronic fund transfers drawn on the Bank Accounts relating to payments permitted by an order of this Court, whether the checks, drafts, wire transfers and ACH transfers issued were presented or funds transfer requests were submitted prior to or subsequent to the Petition Date, *provided* that sufficient funds are available in the applicable accounts to make the payments, and *provided further* that the Debtors shall not make any such request on account of a claim against the Debtors arising prior to the Petition Date, unless otherwise permitted by an order of the Court; and (b) debit the Debtors' accounts in the ordinary course of business for all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to the Bank as service charges for the maintenance of the Cash Management System.

7. Pursuant to Local Rule 2015-2(a), the Debtors are authorized, but not directed, to continue using, in their present form, the Business Forms, as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date, *provided*, *however*, that once the Debtors have exhausted their existing check stock, they shall ensure that any new checks are clearly labeled "Debtor in Possession" and include the lead case number, and *provided further* within fifteen (15) days of entry of this Interim Order, the Debtors will update any

electronically produced checks, or any other checks which the Debtors or their agents print themselves, to reflect their status as "Debtors in Possession" and include the lead case number.

8.  The Debtors are authorized, but not directed, to continue to utilize all third-party providers for the administration of their Cash Management System as necessary. In addition, the Debtors are authorized, but not directed, to pay all prepetition or postpetition ordinary course fees, including Bank Fees, and other service charges in accordance with agreements governing the Bank Accounts.

9.  The Bank is authorized to continue to administer, service and maintain the Bank Accounts as the accounts were administered, serviced and maintained prepetition, without interruption and in the ordinary course (including making deductions for Bank Fees, as such amounts are due and owing), and to receive, process, honor and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, and, when requested by the Debtors in their discretion, to receive, process, honor and pay, to the extent of available funds, any and all checks, drafts, wires, ACH transfers, electronic fund transfers or other items presented, issued or drawn on the Bank Accounts on account of a claim against the Debtors arising on or after the Petition Date.

10. The relief granted in this Interim Order is extended to any new bank account opened by the Debtors at the Bank after the date hereof, provided that such new bank account is in compliance with the terms of this Interim Order.

11. The Bank shall not honor or pay any payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date for which the Debtors specifically issue stop payment orders in accordance with the documents governing the Bank Accounts.

12. Notwithstanding any other provision in this Interim Order, if the Bank honors a prepetition check or item drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtors to honor the prepetition check or item, (b) in the good faith belief that the Court has authorized the prepetition check or item to be honored, or (c) as a result of a good faith or otherwise innocent error made despite implementation of the handling procedures, it shall not be deemed to be liable to the Debtors or their estates on account of the prepetition check or item being honored postpetition or otherwise in violation of this Interim Order. Without limiting the foregoing, the Bank may rely on the representations of the Debtors with respect to whether any check, item, or other payment order drawn or issued by the Debtors prior to the Petition Date should or should not (pursuant to any stop payment orders in accordance with the documents governing the Bank Accounts) be honored pursuant to this Interim Order or any other order of this Court, and the Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

13. The Debtors are hereby granted an extension of time to comply with the requirements section 345(b) of the Bankruptcy Code for a period of thirty (30) days from the Petition Date, without prejudice to the Debtors' rights to seek a further waiver.

14. The Debtors shall not be required to comply with the requirement of the U.S. Trustee Guidelines to establish separate accounts for cash collateral and/or tax payments.

15. Within 10 days of the date of entry of this Interim Order the Debtors shall: (a) contact the Bank; (b) provide the Bank with each of the Debtors' employer identification numbers; and (c) identify each of their Bank Accounts held at such Bank as being held by a debtor in possession in a bankruptcy case, and provide the case number.

16. The Debtors are authorized, but not directed, to (a) make payments, in their discretion,

on account of prepetition Intercompany Claims if the Debtors deem the payment necessary and in the best interests of the Debtors' estates; (b) set off prepetition obligations on account of Intercompany Claims; and (c) continue to engage in Intercompany Transactions, on a postpetition basis, in the ordinary course of business and/or as necessary to execute or maintain the Cash Management System; *provided* that any Intercompany Transactions are not prohibited or restricted by the terms of any DIP Order.

17. All Intercompany Claims arising from postpetition Intercompany Transactions entered into between one Debtor and another Debtor shall be accorded administrative expense status in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code; *provided* that any such administrative expense claims shall be subject and subordinate to administrative expense claims granted pursuant to any DIP Order entered in these chapter 11 cases.

18. Notwithstanding use of the Cash Management System, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930 based on the disbursements of each Debtor, regardless of which entity makes those disbursements.

19. Nothing contained in the Motion or this Interim Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist or was not perfected as of the Petition Date, or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

20. A hearing to consider entry of an order granting the Motion on a final basis (the "Final Hearing") shall take place on September 24, 2021 at 10:00 a.m. (prevailing Eastern Time).  On or before 4:00 p.m. (prevailing Eastern Time) on September 17, 2021, any objections or responses to the Motion shall be filed with the Court, and served on (a) proposed counsel to the Debtors, (i) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: Scott Greenberg

(sgreenberg@gibsondunn.com) and Joshua Brody (jbrody@gibsondunn.com)); and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Laura Davis Jones (ljones@pszjlaw.com)); (b) counsel to any statutory committee appointed in these chapter 11 cases; and (c) the Office of the United States Trustee for the District of Delaware. In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

21. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the amount of, basis for or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion; (e) a request or authorization to assume, adopt or reject any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in or other encumbrance on property of the Debtors' estates; (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief authorized in this Interim Order are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or to seek avoidance of any such liens.

22. Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

23. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

24. Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

25. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

26. The Debtors are authorized to take any and all steps necessary or appropriate to carry out the relief granted in this Interim Order.

27. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

**Dated: September 1st, 2021**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE