IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | )  | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEQUENTIAL BRANDS GROUP, INC., *et al.*,[1] | ) | Case No. 21-11194 (JTD) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Docket Ref. No. 10** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO
(A) CONTINUE EMPLOYEE COMPENSATION AND BENEFITS PROGRAMS
AND (B) PAY PREPETITION CLAIMS RELATED THERETO
AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"): (a) authorizing, but not directing, the Debtors to (i) continue, modify and discontinue the Compensation and Benefits in the ordinary course of business during these chapter 11 cases without the need for further Court approval, and (ii) pay and honor prepetition claims related to the Compensation and Benefits Obligations in the ordinary course of business and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29,

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Sequential Brands Group, Inc. (2789), SQBG, Inc. (9546), Sequential Licensing, Inc. (7108), William Rast Licensing, LLC (4304), Heeling Sports Limited (0479), Brand Matter, LLC (1258), SBG FM, LLC (8013), Galaxy Brands LLC (9583), The Basketball Marketing Company, Inc. (7003), American Sporting Goods Corporation (1696), LNT Brands LLC (3923), Joe's Holdings LLC (3085), Gaiam Brand Holdco, LLC (1581), Gaiam Americas, Inc. (8894), SBG-Gaiam Holdings, LLC (8923), SBG Universe Brands, LLC (4322), and GBT Promotions LLC (7003). The Debtors' corporate headquarters and the mailing address for each Debtor is 1407 Broadway, 38th Floor, New York, NY 10018.

[2] Capitalized terms used in this Interim Order but not immediately defined have the meanings given to such terms in the Motion.

2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on September 24, 2021, at 10:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on September 17, 2021, and shall be served on: (a) proposed counsel to the Debtors, (i) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: Scott Greenberg (sgreenberg@gibsondunn.com) and Joshua Brody (jbrody@gibsondunn.com)); and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Laura Davis Jones (ljones@pszjlaw.com)); (b) counsel to any statutory committee appointed in these chapter 11 cases; and (c) the Office of the United States Trustee for the District of Delaware. In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3.      The Debtors are authorized, but not directed, in their sole discretion, to: (a) continue, modify and discontinue the Compensation and Benefits in the ordinary course of business during these chapter 11 cases and without the need for further Court approval, subject to applicable law, and (b) pay and honor prepetition claims related to the Compensation and Benefits Obligations in the ordinary course of business, *provided* that pending entry of the Final Order, the Debtors shall not pay to or on behalf of any individual employee, any Compensation and Benefits Obligations that exceed the priority amounts set forth in sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code; *provided, further* that pending the entry of the Final Order, the Debtors shall not pay any Compensation and Benefits Obligations in excess of the following amounts:

| Compensation and Benefits Obligations | Amount |
|---|---|
| Employee Compensation | $68,000.00 |
| Contractor Compensation | $34,000.00 |
| Withholding Obligations | $2,600.00 |
| 401(k) Deductions | $1,800.00 |
| Unpaid Payroll Processing Fees | $500.00 |
| Reimbursable Expenses | $500.00 |
| Credit Card Obligations | $22,000.00 |
| Severance | $7,000.00 |
| Total | $136,400.00 |

4.      Pursuant to section 362(d) of the Bankruptcy Code, Employees are authorized to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum and the Debtors are authorized, but not directed, to continue the Workers' Compensation Program in the ordinary course.  This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program.

5.      The Debtors are authorized, but not directed, to forward any unpaid amounts on account of Deductions or Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' prepetition policies and practices.

3

6. The Debtors are authorized to continue to use the Credit Cards and are authorized, but not directed, to pay outstanding prepetition and postpetition balances, charges, and fees due with respect to the Credit Cards, in each case, pursuant to the terms and conditions of the Credit Card program by and between the Debtors and the Bank existing immediately before the Petition Date, or as may be amended from time to time by the Debtors and the Bank. The Bank is authorized to make advances under the Credit Cards from time to time to the Debtors, with a maximum exposure at any time up to $50,000.00, and the Debtors are authorized to provide and maintain cash collateral to secure the Credit Card Obligations in an amount acceptable to the Bank (and the Bank is authorized to debit such cash collateral without further order of this Court for postpetition amounts due from, but unpaid by, the Debtors in connection with the Credit Cards). The Bank may rely on representations of the Debtors with respect to their use of the Credit Cards, and the Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

7. The Debtors are authorized, but not directed, to pay costs and expenses incidental to payment of the Compensation and Benefits Obligations, including all Administrator Fees, Unpaid Payroll Processing Fees and other administrative and processing costs.

8. Nothing herein shall be deemed to authorize the payment of any amounts which violate section 503(c) of the Bankruptcy Code; *provided* that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

9. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the

4

Debtors' or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Interim Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens. Any payment made pursuant to this Interim Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

10. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

11. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Compensation and Benefits Obligations.

12. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: September 1st, 2021**  
**Wilmington, Delaware**

**JOHN T. DORSEY**  
**UNITED STATES BANKRUPTCY JUDGE**

DOCS_DE:235860.3 78080/001