**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SEQUENTIAL BRANDS GROUP, INC., *et al.*,[1] | ) Case No. 21-11194 (JTD) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Docket Ref. No. 94** |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of an order (this "Order"), authorizing the Debtors to establish procedures for interim compensation and reimbursement of expenses for professionals and official committee members, as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant

---

[1]     The Debtors, along with the last four digits of each Debtor's tax identification number, are: Sequential Brands Group, Inc. (2789), SQBG, Inc. (9546), Sequential Licensing, Inc. (7108), William Rast Licensing, LLC (4304), Heeling Sports Limited (0479), Brand Matter, LLC (1258), SBG FM, LLC (8013), Galaxy Brands LLC (9583), The Basketball Marketing Company, Inc. (7003), American Sporting Goods Corporation (1696), LNT Brands LLC (3923), Joe's Holdings LLC (3085), Gaiam Brand Holdco, LLC (1581), Gaiam Americas, Inc. (8894), SBGGaiam Holdings, LLC (8923), SBG Universe Brands, LLC (4322), and GBT Promotions LLC (7003). The Debtors' corporate headquarters and the mailing address for each Debtor is 1407 Broadway, 38th Floor, New York, NY 10018.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

to 28 U.S.C. §§ 1408 and 1409; and a hearing having been scheduled and, to the extent necessary, held to consider the relief requested in the Motion; and the Court having found and determined that the relief requested in the Motion is in the best interests of Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Except as may otherwise be provided in an order of this Court authorizing the retention of specific Retained Professionals, all Retained Professionals in these chapter 11 cases retained by the Debtors or any Committee may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

   a. After the 5th day of each calendar month, each Retained Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, and serve a copy of such Monthly Fee Application by first class mail on each of the following parties (collectively, the "Notice Parties"):

      (1) counsel to the Debtors, (a) Gibson Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, (Attn: Scott J. Greenberg (sgreenberg@gibsondunn.com) and Joshua K. Brody (JBrody@gibsondunn.com)) and (b) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, (Attn: Laura Davis Jones (ljones@pszjlaw.com));

      (2) counsel to KKR Credit Advisors (US) LLC, (a) King & Spalding LLP, 1185 Avenue of the Americas, New York, NY 10036 (Attn: Roger G. Schwartz (rschwartz@kslaw.com) and Peter Montoni (pmontoni@kslaw.com)), 110 N. Wacker Drive, Suite 3800, Chicago, IL 60606 (Lindsay Henrickson

2

      (lhenrikson@kslaw.com) and R. Jacob Jumbeck (jjumbeck@kslaw.com)), and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899-1347 (Attn: Robert J. Dehney (rdehney@ morrisnichols.com), Andrew R. Remming (aremming@morrisnichols.com), and Tamara K. Mann (tmann@morrisnichols.com));

(3) counsel to Bank of America N.A., as administrative and collateral agent under the BoA Credit Agreement, (a) Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA 02110-1726 (Attn: Julie Frost-Davies (julia.frost-davies@morganlewis.com) and Christopher L. Carter (Christopher.carter@morganlewis.com)), and (b) Robinson & Cole LLP, 1201 N. Market Street, Suite 1406, Wilmington, DE 19801, (Jamie L. Edmonson (jedmonson@rc.com) and James L. Lanthrop (jlathrop@rc.com)), 1650 Market Street, Suite 3600, Philadelphia, PA 19103 (Rachel Jaffe Mauceri (rmauceri@rc.com));

(4) counsel to Wilmington Trust, N.A., (a) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, DE 19801 (Attn: Derek C. Abbott (dabbott@morrisnichols.com), Curtis S. Miller (cmiller@morrisnichols.com), Paige N. Topper (ptopper@morrisnichols.com)) and (b) James-Bateman-Brannan-Groover LLP, Buckhead Tower at Lenox Square, 3399 Peachtree Road NE, Suite 1700, Atlanta, GA 30326 (Attn: Doroteya N. Wozniak (dwozniak@ jamesbatesllp.com));

(5) the Office of the United States Trustee, 844 King Street, Suite 2207 Lockbox 35, Wilmington, DE 19801, Attn: Richard Schepacarter; and

(6) counsel to any Committee appointed in these cases.

b. Any Retained Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any prior month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and Local Rule 2016-2.

c. Each Notice Party will have 21 days after service of a Monthly Fee Application to review the request (the "Review Period"). If any

        Notice Party wishes to object to a Retained Professional's Monthly Fee Application, the objecting party shall serve a written notice (a "<u>Notice of Objection</u>") so that it is received by the end of the Review Period by the applicable Retained Professional and each of the Notice Parties. A Notice of Objection shall set forth the precise nature of the objection and the amount of fees and expenses at issue.

d.     Upon the expiration of the Review Period, if a Notice of Objection has not been served with respect to a Monthly Fee Application, a Retained Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application (each, a "<u>CNO</u>"). After a CNO is filed, the Debtors are authorized and directed to pay the Retained Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application (the "<u>Maximum Monthly Payment</u>"). If a Notice of Objection was timely received and remains unresolved, the Debtors are authorized and directed to pay the Retained Professional an amount (the "<u>Reduced Monthly Payment</u>") equal to the lesser of (i) the Maximum Monthly Payment and (ii) 80% of the fees and 100% of the expenses not subject to a Notice of Objection.

e.     If a Notice of Objection is timely served in response to a Monthly Fee Application, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis. If and to the extent that the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses, to the extent not already included in a Reduced Monthly Payment (an "<u>Incremental Resolution Payment</u>"). If, however, the parties are unable to reach a complete resolution of the objection within fourteen days after service of the Notice of Objection, the objecting party shall file its objection (the "<u>Objection</u>") with the Court within three business days and serve such Objection on the respective Retained Professional and each of the Notice Parties. Thereafter, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between (A) the Maximum Monthly Payment and (B) the Reduced Monthly Payment and any Incremental Resolution Payment made to the affected Retained Professional (the "<u>Incremental Amount</u>") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider the Objection, if requested by the parties.

f.     At three-month intervals or such other intervals convenient to the Court (the "<u>Interim Fee Period</u>"), each of the Retained Professionals may file with the Court and serve on the Notice Parties a request (an

4

"Interim Fee Application Request") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application Request must include a brief description identifying the following:

(1) the Monthly Fee Applications that are the subject of the request;

(2) the amount of fees and expenses requested;

(3) the amount of fees and expenses paid to date or subject to an Objection;

(4) the deadline for parties to file objections (the "Additional Objections") to the Interim Fee Application Request; and

(5) any other information requested by the Court or required by the Local Rules.

g. Objections, if any, to the Interim Fee Application Requests shall be filed and served upon the Retained Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before 4:00 p.m. prevailing Eastern Time on the 21st day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application Request.

(1) The Debtors will request that the Court schedule a hearing on the Interim Fee Application Requests at least once every six months. The Debtors, however, may request that a hearing be held every three months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application Request without a hearing.

(2) The first Interim Fee Period will cover the month in which the Petition Date occurs and the two full months immediately following such month. Thus, as applicable to these chapter 11 cases, the first Interim Fee Period will cover the Petition Date through October 31, 2021. Each Retained Professional must file and serve its first Interim Fee Application Request on or before the 30th day following the end of the first Interim Fee Period. Accordingly, the first Interim Fee Application Requests must be filed on or before November 30, 2021.

5

        (3)    The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under the Interim Compensation Procedures. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application Request in a timely manner.

    h.    Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and/or the reimbursement of or the failure to reimburse, in whole or in part, expenses under the Interim Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Retained Professionals. All fees and expenses paid to Retained Professionals under the Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

3.    Each member of the Committee, if any, is permitted to submit statements of expenses incurred from and after the date of appointment in the performance of the duties of the committee (excluding third-party counsel expenses of individual committee members) with supporting vouchers to Committee counsel, which counsel shall collect and submit the committee member's request for reimbursement in accordance with the Compensation Procedures. Approval under the Compensation Procedures, however, will not authorize payment of such expenses to the extent that such payment is not authorized under the Bankruptcy Code, the Bankruptcy Rules, Local Rules, or the practice of this Court.

4.    The Retained Professionals shall be required to serve the Interim Fee Applications and the Final Fee Applications only on the Notice Parties, and all other parties that have filed a request for special notice with the Clerk of this Court pursuant to Bankruptcy Rule 2002 shall be entitled to receive only notice of hearings on the Interim Fee Applications and Final Fee Applications.

5. In each Interim Fee Application and Final Fee Application, all attorneys (collectively, the "Attorneys") who have been or are hereafter retained pursuant to sections 327, 363, or 1103 of the Bankruptcy Code (a) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court, and (b) shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines").

6. All notices given in accordance with the Compensation Procedures as set forth herein shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

7. The Debtors shall include all payments made to Retained Professionals in accordance with the Compensation Procedures in their monthly operating report(s), identifying the amount paid to each of the Retained Professionals.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice as such motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: October 4th, 2021**  
**Wilmington, Delaware**

**JOHN T. DORSEY**  
**UNITED STATES BANKRUPTCY JUDGE**