**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SEQUENTIAL BRANDS GROUP, INC., *et al.*,[1] | ) | Case No. 21-11194 (JTD) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Docket Ref. No. 98** |

**ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND
LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT AND
RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS
CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION
*NUNC PRO TUNC* TO THE PETITION DATE**

Upon consideration of the application (the "Application")[2] of the above-captioned

debtors and debtors in possession (collectively, the "Debtors") seeking authorization to employ

and retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as co-counsel for the

Debtors; and upon (i) the Rule 2016 Statement, (ii) the Jones Declaration, and (iii) the DiSanto

Declaration, which were submitted concurrently with the Application; and upon the

supplemental declaration submitted in support of the Application [Docket No. 157] (the

"Supplemental Declaration"); and the Court being satisfied, based on the representations made in

the Application, the Rule 2016 Statement, the Jones Declaration, the DiSanto Declaration, and

---

[1]    The Debtors, along with the last four digits of each Debtor's tax identification number, are: Sequential Brands Group, Inc. (2789), SQBG, Inc. (9546), Sequential Licensing, Inc. (7108), William Rast Licensing, LLC (4304), Heeling Sports Limited (0479), Brand Matter, LLC (1258), SBG FM, LLC (8013), Galaxy Brands LLC (9583), The Basketball Marketing Company, Inc. (7003), American Sporting Goods Corporation (1696), LNT Brands LLC (3923), Joe's Holdings LLC (3085), Gaiam Brand Holdco, LLC (1581), Gaiam Americas, Inc. (8894), SBG-Gaiam Holdings, LLC (8923), SBG Universe Brands, LLC (4322), and GBT Promotions LLC (7003). The Debtors' corporate headquarters and the mailing address for each Debtor is 1407 Broadway, 38th Floor, New York, NY 10018.

[2]    Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

the Supplemental Declaration that PSZ&J does not represent or hold any interest adverse to the

Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, and is

disinterested as that term is defined under section 101(14) of the Bankruptcy Code, and as

modified by section 1107(b) of the Bankruptcy Code, and that the employment of PSZ&J is

necessary and in the best interests of the Debtors and the Debtors' estates; and this Court having

jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order*

*of Reference* from the United States District Court for the District of Delaware, dated February

29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2), and that this Court may enter a final order consistent with Article III of the United

States Constitution; and this Court having found that venue of this proceeding and the

Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court

having found that the Debtors' notice of the Application and opportunity for a hearing on the

Application were appropriate and no other notice need be provided; and this Court having

reviewed the Application; and after due deliberation and good and sufficient cause appearing, it

is HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      Pursuant to section 327(a) of the Bankruptcy Code, the Debtors are authorized to

employ and retain the Firm as co-counsel, effective *nunc pro tunc* to the Petition Date, on the

terms set forth in the Application, the Rule 2016 Statement, the Jones Declaration, and the

DiSanto Declaration.

3.     The Firm shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. PSZ&J shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "Revised UST Guidelines"), both in connection with this Application and any interim and final fee application to be filed by PSZ&J in these Chapter 11 Cases.

4.     PSZ&J shall provide ten business days' notice to the Debtors, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application or any agreement entered into in connection with the Debtors' retention of PSZ&J are implemented and shall file such notice with the Court, provided, however, that in the event that the PSZ&J attorneys responsible for this matter do not have sufficient advance notice of such rate increases, PSZ&J shall provide notice to the Debtors, the U.S. Trustee, and the Committee as soon as practicable after the information regarding rate increases becomes available to the PSZ&J attorneys responsible for this matter. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5.      Notwithstanding anything in the Application to the contrary, PSZ&J shall (i) to the extent that PSZ&J uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, pass through the cost of such Contractors to the Debtors at the same rate that PSZ&J pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for PSZ&J; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

6.      The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

7.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: October 4th, 2021**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**