**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : Case No. 21-11194 (JTD) |
| Sequential Brands Group, Inc., et al.,[1] | : (Jointly Administered) |
| | : |
| Debtors. | : **Ref. Docket Nos. 19, 138, 139, 262** |
| | : |

**ORDER (I) AUTHORIZING THE SALE OF CERTAIN ASSETS OF
THE DEBTORS TO JJWHP, LLC FREE AND CLEAR OF ALL LIENS, CLAIMS,
INTERESTS AND ENCUMBRANCES, (II) AUTHORIZING THE ASSUMPTION AND
ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS IN
CONNECTION THEREWITH, AND (III) GRANTING RELATED RELIEF**

Upon the motion, dated August 31, 2021 (the "Motion"),[2] of Sequential Brands Group,

Inc., William Rast Licensing, LLC (the "Seller") and certain of their affiliates, as debtors and

debtors in possession in the above-captioned cases (each, a "Debtor" and collectively, the

"Debtors"), pursuant to Bankruptcy Code sections 105(a), 363 and 365 of title 11 of the United

States Code (the "Bankruptcy Code") and Rules 2002, 6003, 6004, 6006, 9007, 9008 and 9014 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1, 6004-1

and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking entry of, among other

things, (i) an order (the "Bidding Procedures Order") (a) approving the bidding procedures (the

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Sequential Brands Group, Inc. (2789), SQBG, Inc. (9546), Sequential Licensing, Inc. (7108), William Rast Licensing, LLC (4304), Heeling Sports Limited (0479), Brand Matter, LLC (1258), SBG FM, LLC (8013), Galaxy Brands LLC (9583), The Basketball Marketing Company, Inc. (7003), American Sporting Goods Corporation (1696), LNT Brands LLC (3923), Joe's Holdings LLC (3085), Gaiam Brand Holdco, LLC (1581), Gaiam Americas, Inc. (8894), SBGGaiam Holdings, LLC (8923), SBG Universe Brands, LLC (4322), and GBT Promotions LLC (7003). The Debtors' corporate headquarters and the mailing address for each Debtor is 1407 Broadway, 38th Floor, New York, NY 10018.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion or the William Rast APA (as defined herein), as applicable.

"Bidding Procedures") in connection with the sale or disposition (each, a "Sale") of all or substantially all of the Debtors assets (including the Purchased Assets (as defined the William Rast APA, as defined below)), (b) authorizing the Debtors to enter into one or more stalking horse agreements and to provide bidding protections thereunder, (c) scheduling an auction (the "Auction") and approving the form and manner of notice thereof, (d) approving procedures for the assumption and assignment of certain executory contracts, (e) scheduling a sale hearing (the "Sale Hearing") to approve the Sale and approving the form and manner of notice thereof; and (ii) an order (a) approving the Sale and other transactions contemplated by the William Rast APA free and clear of all liens, Claims (as defined below), liabilities, rights, Interests (as defined below) and Encumbrances (as defined in the William Rast APA) (other than Permitted Encumbrances, as defined in the William Rast APA) in accordance with the terms of the William Rast APA, (b) approving the assumption and assignment of certain executory contracts and unexpired leases, and (c) granting certain related relief; and the Debtors having executed that certain Asset Purchase Agreement by and among JJWHP, LLC, as Buyer, and William Rast Licensing, LLC, as Seller, dated as of October 28, 2021 (as may be amended from time to time in accordance with the terms thereof and this Order, the "William Rast APA"), attached hereto as **Exhibit 1**, contemplating the sale of the Purchased Assets to JJWHP, LLC ("Buyer") free and clear of any Claims, Interests, or Encumbrances (other than any Permitted Encumbrances) (the "Sale Transaction"); and the Court having entered the Bidding Procedures Order on September 24, 2021 [Docket No. 138]; and the Auction having been cancelled in accordance with the Bidding Procedures; and the Sale Hearing having been held on November 4, 2021; and the Court having reviewed and considered the relief sought in the Motion, the William Rast APA, all objections to the Motion, and the arguments of counsel made, and the evidence proffered or adduced at the Sale Hearing; and all parties in interest

having been heard or having had the opportunity to be heard regarding the Sale Transaction and the relief requested in this Order; and due and sufficient notice of the Sale Hearing and the relief sought therein having been given under the particular circumstances of these chapter 11 cases and in accordance with the Bidding Procedures Order; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and it appearing that the Court has jurisdiction over this matter; and it further appearing that the legal and factual bases set forth in the Motion and the Herbert Declaration [Docket No. 134] and at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation thereon,

### THE COURT HEREBY FINDS THAT:[3]

### Jurisdiction and Venue

A.      This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of these cases and proceedings is proper in this District and this Court under 28 U.S.C. §§ 1408 and 1409.

### Statutory Predicates

B.      The statutory predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363 and 365.  Such relief is also warranted pursuant to Bankruptcy Rules 2002, 6004, 6006, 9007, 9008 and 9014 and Local Rules 2002-1 and 6004-1.

---

[3]  The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**Final Order**

C.      This Order constitutes a final and appealable order within the meaning of 28 U.S.C.

§ 158(a).

**Notice of the William Rast APA, Assumption and Assignment of Assumed Contracts, Sale Transaction, Sale Hearing and Bidding Procedures Order**

D.      On August 31, 2021 (the "Petition Date"), the Debtors commenced these chapter

11 cases (the "Chapter 11 Cases") by filing a voluntary petition for relief under chapter 11 of the

Bankruptcy Code.  Since the Petition Date, the Debtors have continued to operate and manage

their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

E.      The Debtors gave due and proper notice of the Sale on September 24, 2021 [Docket

No. 139] (the "Sale Notice").  The Sale Notice constituted good, sufficient, and appropriate notice

of the Sale under the particular circumstances and no further notice need be given with respect to

the proposed Sale.  As provided by the Sale Notice, a reasonable opportunity to object or be heard

regarding the requested relief has been afforded to all interested persons and entities.  Other parties

interested in bidding on the Purchased Assets were provided, pursuant to the Bidding Procedures

Order, sufficient information to make an informed judgment on whether to bid.

F.      The Debtors also gave due and proper notice of the potential assumption and

assignment of each executory contract or unexpired lease available to be assumed by the Debtors

and assigned to the Buyer to each non-debtor party under each such executory contract or

unexpired lease as reflected on the notices of assumption, sale and assignment of the Assumed

Contracts (as defined in the William Rast APA) filed on September 29, 2021 [Docket No. 148],

October 8, 2021 [Docket No. 175], and October 20, 2021 [Docket No. 225] (together, the

"Assumption Notice").  Such notice was good, sufficient, and appropriate under the particular

circumstances, and the counterparties to the Assumed Contracts are hereby deemed to consent to

the relief granted herein unless otherwise provided in this Order.

G.      As evidenced by the affidavits of service [Docket Nos. 151, 152, 179, 181, 188, 247, 253, 254, 260, 262] and publication [Docket No. 147] previously filed with this Court, and based on the representations of counsel at the Sale Hearing, due, proper, timely, adequate and sufficient notice of the Motion, the Bidding Procedures Order, the Auction, the Sale Hearing, the assumption and assignment of the Assumed Contracts, the William Rast APA, this Order and the Sale Transaction has been provided in accordance with Bankruptcy Code sections 102(1) and 363, Bankruptcy Rules 2002, 9007, 9008 and 9014, and Local Rules 2002-1 and 6004-1.  The Debtors have complied with all obligations to provide notice of the Motion, the Bidding Procedures Order, the Auction, the Sale Hearing, the assumption and assignment of the Assumed Contracts, the William Rast APA, this Order and the Sale Transaction as required by the Bidding Procedures Order.  The aforementioned notices are good, sufficient and appropriate under the circumstances, and no other or further notice of the Motion, the Bidding Procedures Order, the Auction, the Sale Hearing, the assumption and assignment of the Assumed Contracts, the William Rast APA, this Order or the Sale Transaction is or shall be required.

H.      A reasonable opportunity to object or be heard regarding the relief requested in the Motion and provided in this Order was afforded to all parties in interest.

## Compliance with the Bidding Procedures Order

I.      As demonstrated by the evidence proffered or adduced at the Sale Hearing and the representations of counsel at the Sale Hearing, the Debtors have complied in all material respects with the Bidding Procedures Order.  The Debtors and their professionals have adequately and appropriately marketed the Purchased Assets in compliance with the Bidding Procedures and the Bidding Procedures Order, and in accordance with the Debtors' fiduciary duties.  Based upon the record of these proceedings, creditors, other parties in interest and prospective purchasers were afforded a reasonable and fair opportunity to bid for the Purchased Assets.

J.      The Bidding Procedures were substantively and procedurally fair to all parties and all potential bidders and afforded notice and a full, fair and reasonable opportunity for any person to make a higher or otherwise better offer to purchase the Purchased Assets.  The Debtors conducted the sale process without collusion and in accordance with the Bidding Procedures.

K.      The Bidding Procedures Order is incorporated herein by reference.

L.      The Buyer is the Successful Bidder, and the William Rast APA is the Successful Bid, for the Purchased Assets in accordance with the Bidding Procedures Order.  The Buyer has complied in all respects with the Bidding Procedures Order and all other applicable orders of this Court in negotiating and entering into the William Rast APA, and the Sale Transaction and the William Rast APA likewise comply with the Bidding Procedures Order and all other applicable orders of this Court.

## Business Judgment

M.      The William Rast APA, including the form and total consideration to be realized by the Debtors under the William Rast APA, (i) constitutes the highest and best offer received by

the Debtors for the Purchased Assets; (ii) is fair and reasonable; and (iii) is in the best interests of the Debtors, their estates, their creditors and all other parties in interest.

N.    The Debtors' determination that the consideration provided by the Buyer under the William Rast APA constitutes the highest and best offer for the Purchased Assets constitutes a valid and sound exercise of the Debtors' business judgment.

O.    Consistent with their fiduciary duties, the Debtors have demonstrated good, sufficient and sound business reasons and justifications for entering into the Sale Transaction and the performance of their obligations under the William Rast APA, including, but not limited to, the fact that (i) the consideration provided by the Buyer under the William Rast APA will provide a greater recovery for the Debtors' estates than would be provided by any other available alternative, including a separate liquidation of the Purchased Assets; and (ii) unless the Sale Transaction is concluded expeditiously as provided for in the Motion and pursuant to the William Rast APA, recoveries of creditors will be diminished.

## Corporate Authority

P.    Subject to entry of this Order, the Debtors (i) have full corporate power and authority to execute and deliver the William Rast APA and all other documents contemplated thereby, (ii) have all of the necessary corporate power and authority to consummate the transactions contemplated by the William Rast APA, including, without limitation, the Sale Transaction and the assumption and assignment of the Assumed Contracts, (iii) have taken all corporate action necessary to authorize and approve the William Rast APA and the consummation by the Debtors of the transactions contemplated thereby, including, without limitation, the Sale Transaction and the assumption and assignment of the Assumed Contracts, and (iv) subject to entry of this Order, need no consents or approvals, including any consents or approvals from any non-

Debtor entities, other than those expressly set forth in the William Rast APA or this Order, to consummate the transactions contemplated thereby, including, without limitation, the Sale Transaction and the assumption and assignment of the Assumed Contracts.

### Good Faith

Q.      The sales process engaged in by the Debtors and the Buyer, including, without limitation, the Auction, which was conducted in accordance with the Bidding Procedures and the Bidding Procedures Order, and the negotiation of the William Rast APA, was at arm's length, non-collusive, in good faith, and substantively and procedurally fair to all parties in interest.  None of the Debtors or the Buyer has engaged in any conduct that would cause or permit the William Rast APA or the Sale Transaction to be avoided, or costs or damages to be imposed, under Bankruptcy Code section 363(n).

R.      The Debtors and the Buyer have complied, in good faith, in all respects with the Bidding Procedures Order and the Bidding Procedures.  The Debtors and the Seller, and their respective management, board of directors, board of managers (or comparable governing authority), employees, agents, and representatives, and the Buyer and its employees, agents, advisors and representatives, each actively participated in the bidding process and in the Auction, and each acted in good faith and without collusion of fraud of any kind.  Buyer subjected its bid to competitive bidding in accordance with the Bidding Procedures and was designated the Successful Bidder for the Purchased Assets in accordance with the Bidding Procedures and the Bidding Procedures Order.

S.      The Buyer is a good faith buyer within the meaning of Bankruptcy Code section 363(m), and is therefore entitled to the full protection of that provision in respect of the Sale Transaction, each term of the William Rast APA (and any ancillary documents executed in

connection therewith) and each term of this Order, and otherwise has proceeded in good faith in all respects in connection with this proceeding. None of the Debtors or the Buyer has engaged in any conduct that would prevent the application of Bankruptcy Code section 363(m). The Debtors were free to deal with any other party interested in buying or selling some or all of the Purchased Assets on behalf of the Debtors' estates. The protections afforded by Bankruptcy Code section 363(m) are integral to the Sale Transaction and the Buyer would not consummate the Sale Transaction without such protections.

T.    The form and total consideration to be realized by the Debtors under the William Rast APA constitutes fair value, fair, full and adequate consideration, reasonably equivalent value and reasonable market value for the Purchased Assets.

U.    Neither the Buyer nor any of its affiliates, officers, directors, managers, shareholders, members or any of their respective successors or assigns is an "insider" of any of the Debtors, as that term is defined under Bankruptcy Code section 101(31). No common identity of directors, managers, controlling shareholders, or members exists between the Debtors and the Buyer.

**<u>No Fraudulent Transfer</u>**

V.    The consideration provided by the Buyer for the Purchased Assets pursuant to the William Rast APA (i) is fair and reasonable, (ii) is the highest and best offer for the Purchased Assets, (iii) will provide a greater recovery for the Debtors' creditors and estates than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, and each state, territory, possession and the District of Columbia.

W.      The William Rast APA was not entered into, and none of the Debtors or the Buyer

has entered into the William Rast APA or proposes to consummate the Sale Transaction, for the

purpose of (i) escaping liability for any of the Debtors' debts or (ii) hindering, delaying or

defrauding the Debtors' present or future creditors, for the purpose of statutory and common law

fraudulent conveyance and fraudulent transfer claims whether under the Bankruptcy Code or under

the laws of the United States, any state, territory, possession thereof or the District of Columbia or

any other applicable jurisdiction with laws substantially similar to the foregoing.

### Free and Clear

X.      The transfer of the Purchased Assets to the Buyer will be legal, valid, and effective

transfers of the Purchased Assets, and will vest the Buyer with all right, title, and interest of the

Seller to the Purchased Assets free and clear of all claims, liens (including, without limitation, any

statutory lien on real and personal property and any and all "liens" as that term is defined and used

in the Bankruptcy Code, including section 101(37) thereof), liabilities, interests, rights and

encumbrances, including, without limitation, the following:  all mortgages, restrictions (including,

without limitation, any restriction on the use, voting rights, transfer rights, claims for receipt of

income or other exercise of any attributes of ownership), hypothecations, charges, indentures, loan

agreements, instruments, leases, licenses, sublicenses, options, deeds of trust, security interests,

equity interests, conditional sale rights or other title retention agreements, pledges, judgments,

demands, rights of first refusal, consent rights, offsets, contract rights, rights of setoff, recoupment

rights, rights of recovery, reimbursement rights, contribution claims, indemnity rights, exoneration

rights, product liability claims, alter-ego claims, environmental rights and claims (including,

without limitation, toxic tort claims), labor rights and claims, employment rights and claims,

pension rights and claims, tax claims, regulatory violations by any governmental entity, decrees of

any court or foreign or domestic governmental entity, charges of any kind or nature, debts arising in any way in connection with any agreements, acts, or failures to act, reclamation claims, obligation claims, demands, guaranties, option rights or claims, rights, contractual or other commitment rights and claims, and all other matters of any kind and nature, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of the Chapter 11 Cases, and whether imposed by agreement, understanding, law, equity or otherwise, including claims otherwise arising under any theory, law or doctrine of successor or transferee liability or related theories (all of the foregoing, including, without limitation, liens and liabilities, but excluding Assumed Liabilities, collectively being referred to in this Order as "Claims" and, as used in this Order, the term "Claims" includes, without limitation, any and all "claims" as that term is defined and used in the Bankruptcy Code, including section 101(5) thereof); provided, however, that such transfer shall not be free and clear of any Permitted Encumbrances.

Y.      The Debtors, to the extent permitted by applicable law, may transfer the Purchased Assets free and clear of all Claims, other interests of any kind or nature whatsoever ("Interests"), and Encumbrances, other than any Permitted Encumbrances, including, without limitation, rights or claims based on any successor or transferee liability, because, in each case, one or more of the standards set forth in Bankruptcy Code section 363(f)(1)-(5) has been satisfied.

Z.      Those (a) holders of Claims and (b) non-Debtor parties to the Assumed Contracts, who did not object or who withdrew their objections to the Motion, are deemed to have consented pursuant to section Bankruptcy Code 363(f)(2).  Those (i) holders of Claims and (ii) non-Debtor

parties to the Assumed Contracts who did object, fall within one or more of the other subsections of Bankruptcy Code section 363(f).

AA.     Each of (i) the DIP Parties and (ii) the Prepetition Secured Parties (each as defined in the DIP Orders) has consented to the sale of the Purchased Assets to the Buyer pursuant to the William Rast APA free and clear of any Claims, Interests, or Encumbrances (other than the Permitted Encumbrances) of the DIP Parties and the Prepetition Secured Parties against the Purchased Assets (the "Secured Lenders' Liens"), and any reference herein to Claims, Interests, or Encumbrances shall include the Secured Lenders' Liens.

BB.     The Debtors have, to the extent necessary, satisfied the requirements of section 363(b)(1) of the Bankruptcy Code.

CC.     The Buyer would not have entered into the William Rast APA and would not consummate the transactions contemplated thereby, including, without limitation, the Sale Transaction and the assumption and assignment of the Assumed Contracts, (i) if the transfer of the Purchased Assets were not free and clear of all Claims, Interests, and Encumbrances (other than any Permitted Encumbrances), or (ii) if the Buyer would, or in the future could, be liable for any such Claims (other than any Permitted Encumbrances).  The Buyer will not consummate the transactions contemplated by the William Rast APA, including, without limitation, the Sale Transaction and the assumption and assignment of the Assumed Contracts, unless this Court expressly orders that none of the Buyer, its respective affiliates, its respective present or contemplated members or shareholders, or the Purchased Assets will have any liability whatsoever (other than any Permitted Encumbrances) with respect to, or be required to satisfy in any manner, whether at law or equity, or by payment, setoff, or otherwise, directly or indirectly, any Claims.

DD.    Not transferring the Purchased Assets free and clear of all Claims, Interests, and Encumbrances (other than any Permitted Encumbrances) would adversely impact the Debtors' efforts to maximize the value of their estates, and the transfer of the Purchased Assets other than pursuant to a transfer that is free and clear of all Claims, Interests, and Encumbrances (other than any Permitted Encumbrances) would be of substantially less benefit to the Debtors' estates.

EE.    Neither the Buyer nor any of its affiliates are a mere continuation of the Debtors or their estates, there is no continuity or common identity between the Buyer, any of its affiliates and any of the Debtors, and there is no continuity of enterprise between the Buyer, any of its affiliates and any of the Debtors.  Neither the Buyer nor any of its affiliates are holding themselves out to the public as a continuation of any of the Debtors.  Neither the Buyer nor any of its affiliates are a successor to any of the Debtors or their estates and none of the transactions contemplated by the William Rast APA, including, without limitation, the Sale Transaction and the assumption and assignment of the Assumed Contracts amounts to a consolidation, merger, or *de facto* merger of the Buyer or any of its affiliates with or into any of the Debtors.

FF.    Without limiting the generality of the foregoing, and other than as may be set forth in the William Rast APA, none of the Buyer, its affiliates, its and their respective present or contemplated members or shareholders, or the Purchased Assets will have any liability whatsoever with respect to, or be required to satisfy in any manner, whether at law or equity, or by payment, setoff, or otherwise, directly or indirectly, any Claims relating to any U.S. federal, state or local income tax liabilities, that the Debtors may incur in connection with consummation of the transactions contemplated by the William Rast APA, including, without limitation, the Sale Transaction and the assumption and assignment of the Assumed Contracts, or that the Debtors

have otherwise incurred prior to the consummation of the transactions contemplated by the William Rast APA.

## Validity of Transfer

GG.    The consummation of the transactions contemplated by the William Rast APA, including, without limitation, the Sale Transaction and the assumption and assignment of the Assumed Contracts is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, Bankruptcy Code sections 105(a), 363(b), 363(f), 363(m), 365(b) and 365(f), and all of the applicable requirements of such sections have been complied with in respect of the transactions contemplated under the William Rast APA.

HH.    The Purchased Assets constitute property of the Debtors' estates and good title to the Purchased Assets of the Debtors is vested in the Debtors' estates within the meaning of Bankruptcy Code section 541(a).  The Debtors are the sole and lawful owners of the Purchased Assets, and no other person has any ownership right, title, or interest therein.

II.    The William Rast APA has been duly and validly executed and delivered by the Debtors and, subject to the terms of the William Rast APA, shall constitute a valid and binding obligation of the Debtors, enforceable against the Debtors in accordance with its terms.  The William Rast APA, the Sale Transaction, and the consummation thereof shall be specifically enforceable against and binding upon (without posting any bond) the Debtors and any chapter 7 or chapter 11 trustee appointed in these chapter 11 cases, and shall not be subject to rejection or avoidance by the foregoing parties or any other person.

JJ.    The sale, conveyance, assignment and transfer of any personally identifiable information pursuant to the terms of the William Rast APA and this Order complies with the terms of the Debtors' policy regarding the transfer of such personally identifiable information as of the

Petition Date and, as a result, consummation of the Sale Transaction is permitted pursuant to section 363(b)(1)(A) of the Bankruptcy Code.  Accordingly, appointment of a consumer privacy ombudsman in accordance with sections 363(b)(1) or 332 of the Bankruptcy Code is not required with respect to the Sale Transaction.

## Assumed Contracts

KK.    The assumption and assignment of the Assumed Contracts pursuant to the Assumption Notice, the terms of this Order and the William Rast APA is integral to the transactions contemplated by the William Rast APA and is in the best interests of the Debtors, their estates and creditors, and all other parties in interest, and represents a reasonable exercise of the Debtors' sound and prudent business judgment.

LL.    Pursuant to the terms of the William Rast APA and this Order, on or before the Closing Date, as applicable pursuant to the terms of this Order, the Debtors or the Buyer, as applicable, shall have, except as otherwise provided in the William Rast APA or this Order, or as otherwise expressly agreed to between the Debtors or the Buyer, as applicable, and such counterparty:  (i) cured, or provided adequate assurance of cure of, any monetary default existing as of and including the Closing Date under any of the Assumed Contracts, within the meaning of Bankruptcy Code section 365(b)(1)(A), (ii) provided compensation, or adequate assurance of compensation, to any party for actual pecuniary loss to such party resulting from a monetary default existing as of and including the Closing Date under any of the Assumed Contracts, within the meaning of Bankruptcy Code section 365(b)(1)(B), and (iii) provided adequate assurance of future performance under the Assumed Contracts within the meaning of Bankruptcy Code sections 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B).

MM.    [Reserved].

**Application of Proceeds**

NN.    Pursuant to the interim and final orders authorizing and approving the Debtors'

debtor in possession financing and use of cash collateral [Docket Nos. 70 and 110] (together, the

"DIP Orders"), the Purchased Assets constitute Cash Collateral, Prepetition Collateral and DIP

Collateral (each as defined in the DIP Orders) and are subject to the Adequate Protection Liens,

Prepetition Liens and DIP Liens (each as defined in the DIP Orders).  Subject to the "Payment in

Full" (as defined in the DIP Orders) of the Prepetition BAML Obligations (as defined in the DIP

Orders), pursuant to DIP Orders and the DIP Loan Documents (as defined in the DIP Orders), the

Debtors are required to apply all consideration received from the sale of the Purchased Assets as

follows: first, to the holders of the DIP Obligations as of the date of the initial funding under the

DIP Credit Facility (as defined in the DIP Orders) (or as otherwise agreed to between the Buyer

and such holders of the DIP Obligations) until such time as such DIP Obligations are paid in full

in cash (or as otherwise agreed by the DIP Agent as directed by the Required DIP Lenders (as

defined in the DIP Loan Documents)) and all commitments to lend under the DIP Loan Documents

have been terminated, and second, to the Prepetition Term B Agent (as defined in the DIP Orders)

for distribution to the holders of the Prepetition Term B Obligations as of the Petition Date (or as

otherwise agreed to between the Buyer and such holders of the Prepetition Term B Obligations) in

accordance with the Prepetition Term B Credit Agreement (as defined in the DIP Orders) until the

Prepetition Term B Obligations (as defined in the DIP Orders) have been paid in full in cash (or

as otherwise agreed by the Prepetition Term B Agent (as defined in the DIP Orders) as directed by

the Required Lenders (as defined in the Prepetition Term B Loan Documents)). The application of

the consideration from the sale of the Purchased Assets pursuant to the immediately preceding

sentence complies with the requirements of the DIP Orders and the DIP Loan Documents and is supported by good, sufficient and sound business reasons.

## **Compelling Circumstances for an Immediate Sale**

OO.     To maximize the value of the Purchased Assets, it is essential that the transactions contemplated by the William Rast APA, including, without limitation, the Sale Transaction and the assumption and assignment of the Assumed Contracts, occur within the time constraints set forth in the William Rast APA.   Time is of the essence in consummating the transactions contemplated by the William Rast APA, including, without limitation, the Sale Transaction and the assumption and assignment of the Assumed Contracts.   Accordingly, there is cause to waive the stays contemplated by Bankruptcy Rules 6004 and 6006.

PP.     The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval and consummation of the transactions contemplated by the William Rast APA, including, without limitation, the Sale Transaction and the assumption and assignment of the Assumed Contracts prior to, and outside of, a chapter 11 plan because, among other things, the Debtors' estates will suffer irreparable harm if the relief requested in the Motion is not granted on an expedited basis.   The transactions contemplated by the William Rast APA, including, without limitation, the Sale Transaction and the assumption and assignment of the Assumed Contracts, neither impermissibly restructure the rights of the Debtors' creditors nor impermissibly dictates the terms of a chapter 11 plan for the Debtors, and therefore, do not constitute a *sub rosa* plan.

QQ.     The legal and factual bases set forth in the Motion and the Herbert Declaration filed in support thereof, and presented at the Sale Hearing establish just cause for the relief granted herein.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

**General Provisions**

1.      The Motion is granted as provided herein, and entry into and performance under, and in respect of, the William Rast APA attached hereto as **Exhibit 1** and the consummation of the transactions contemplated thereby, including, without limitation, the Sale Transaction and the assumption and assignment of the Assumed Contracts is authorized and approved.

2.      Any objections and responses to the Motion or the relief requested therein that have not been withdrawn, waived, settled, or resolved, and all reservation of rights included in such objections and responses, are overruled on the merits and denied with prejudice.  All persons and entities given notice of the Motion that failed to timely object thereto are deemed to consent to the relief granted herein, including for purposes of sections 363(f)(2), 365(c)(1), and 365(e)(2) of the Bankruptcy Code.

**Approval of the William Rast APA**

3.      The William Rast APA, all ancillary documents, the transactions contemplated thereby, including, without limitation, the Sale Transaction and the assumption and assignment of the Assumed Contracts (but subject to the Buyer's rights with respect thereto pursuant to the William Rast APA) and all the terms and conditions thereof, are approved.  The failure specifically to include any particular provision of the William Rast APA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the William Rast APA be authorized and approved in its entirety.

4.      The Debtors and their respective officers, employees and agents are authorized and directed to take any and all actions necessary, appropriate or reasonably requested by the Buyer to perform, consummate, implement and close the Sale Transaction, including, without limitation,

(a) the sale to the Buyer of all Purchased Assets, in accordance with the terms and conditions set forth in the William Rast APA and this Order; and (b) execution, acknowledgment and delivery of such deeds, assignments, conveyances and other assurance, documents and instruments of transfer and any action for purposes of assigning, transferring, granting, conveying and confirming to the Buyer, or reducing to possession, the Purchased Assets, all without further order of this Court.  The Debtors are further authorized to pay, without further order of this Court, whether before, at or after the Closing Date, any expenses or costs that are required to be paid by the Debtors under the William Rast APA, this Order or the Bidding Procedures Order, in order to consummate the Sale Transaction or perform their obligations under the William Rast APA.

5.      All persons and entities, including, without limitation, the Debtors, the Debtors' estates, all debt security holders, equity security holders, governmental tax and regulatory authorities, lenders, customers, vendors, employees, former employees, litigation claimants, trustees, trade creditors, and any other creditors (or agent of any of the foregoing) who may or do hold Claims (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated) against the Debtors or the Purchased Assets owned by the Debtors, arising under or out of, in connection with, or in any way relating to, the Debtors, the Purchased Assets owned by the Debtors, the operation or ownership of the Purchased Assets by the Debtors prior to the Closing Date, or the Sale Transaction, are hereby prohibited, forever barred, estopped, and permanently enjoined from asserting or pursuing such Claims against Buyer, its affiliates, successors, assigns, its property or the Purchased Assets, including, without limitation, taking any of the following actions with respect to any Claims: (a) commencing or continuing in any manner any action, whether at law or in equity, in any judicial, administrative, arbitral, or any other proceeding, against Buyer, its affiliates, successors, assigns, assets (including

the Purchased Assets), and/or properties; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against Buyer, its affiliates, successors, assigns, assets (including the Purchased Assets), and/or properties; (c) creating, perfecting, or enforcing any Claim against Buyer, its affiliates, any of their respective successors, assigns, assets (including the Purchased Assets), and/or properties; (d) asserting a Claim as a setoff, right of subrogation, or recoupment of any kind against any obligation due against Buyer, its affiliates or any of their respective successors or assigns; or (e) commencing or continuing any action in any manner or place that does not comply, or is inconsistent, with the provisions of this Order, the William Rast APA, or the agreements or actions contemplated or taken in respect thereof, including the Debtors' ability to transfer the Purchased Assets to the Buyer in accordance with the terms of this Order and the William Rast APA.  No such Person shall assert or pursue against Buyer or its affiliates, successors or assigns any such Claim.

6.    The sale of the Purchased Assets to the Buyer under the William Rast APA constitutes a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and laws of all applicable jurisdictions, including, without limitation, the laws of each jurisdiction in which the Purchased Assets are located, and the sale of the Purchased Assets to the Buyer may not be avoided under any statutory or common law fraudulent conveyance and fraudulent transfer theories whether under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof or the District of Columbia or any other applicable jurisdiction with laws substantially similar to the foregoing.

7.    In accordance with, and pursuant to, section 11.03 of the William Rast APA, at any time prior to the Closing Date, Buyer may assign any or all of its rights and obligations under the William Rast APA (including the right to receive the Purchased Assets) without the prior written

consent of the Debtors and without further order of this Court to any Affiliate of Buyer (the "Assignee") provided that no such assignment will relieve Buyer of its obligations under the William Rast APA.  Following such assignment, the Assignee shall have the benefit of all factual findings, orders, and other provisions of this Order related to the Buyer.

**Transfer of the Purchased Assets Free and Clear**

8.    Pursuant to Bankruptcy Code sections 105(a) and 363(f), the Purchased Assets shall be sold free and clear of all Claims, Interests, and Encumbrances (other than any Permitted Encumbrances), including, for the avoidance of doubt, the Secured Lenders' Liens, with all such Claims to attach to the proceeds of the Sale Transaction to be received by the Debtors with the same validity, force, priority and effect which they now have as against the Purchased Assets, subject to any claims and defenses the Debtors may possess with respect thereto; provided, however, that setoff rights will be extinguished to the extent there is no longer mutuality after the consummation of the Sale Transaction.

9.    At Closing, all of the Debtors' right, title and interest in and to, and possession of, the Purchased Assets shall be immediately vested in the Buyer pursuant to Bankruptcy Code sections 105(a), 363(b), and 363(f) free and clear of any and all Claims, Interests, and Encumbrances (other than any Permitted Encumbrances).  Such transfer shall constitute a legal, valid, binding and effective transfer of, and shall vest the Buyer with good and marketable title to, the Purchased Assets.  All person or entities, presently or on or after the Closing Date, in possession of some or all of the Purchased Assets are directed to surrender possession of the Purchased Assets to the Buyer or its designees on the Closing Date or at such time thereafter as the Buyer may request.

10.     This Order is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, registrars of patents, trademarks or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register or otherwise record or release any documents or instruments; and each of the foregoing persons and entities is hereby authorized to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the Sale Transaction contemplated by the William Rast APA.

11.     Except as otherwise expressly provided in the William Rast APA or this Order, all persons and entities (and their respective successors and assigns), including, but not limited to, all debt security holders, equity security holders, affiliates, foreign, federal, state and local governmental, tax and regulatory authorities, lenders, customers, vendors, employees, trade creditors, litigation claimants and other creditors holding Claims against the Debtors or the Purchased Assets arising under or out of, in connection with, or in any way relating to, the Debtors, the Debtors' predecessors or affiliates, the Purchased Assets, the ownership, sale or operation of the Purchased Assets prior to Closing or the transfer of the Purchased Assets to the Buyer, are hereby forever barred, estopped and permanently enjoined from asserting or prosecuting any cause of action or any process or other act or seeking to collect, offset, or recover on account of any Claims against the Buyer, its successors or assigns, their property or the Purchased Assets. Following the Closing, no holder of any Claim or Encumbrance (other than Permitted Encumbrances) shall interfere with the Buyer's title to or use and enjoyment of the Purchased Assets based on or related to any such Claim or Encumbrance (other than Permitted

Encumbrances), or based on any action or omission of the Debtors, including any action or omission the Debtors may take in the Chapter 11 Cases.

12.    The Debtors are authorized and directed to execute such documents as may be necessary to release any Claims, Interests, or Encumbrances (other than Permitted Encumbrances) of any kind against the Purchased Assets as such Claims, Interests, or Encumbrances (other than Permitted Encumbrances) may have been recorded or may otherwise exist.  If any person or entity that has filed financing statements, *lis pendens* or other documents or agreements evidencing Claims, Interests, or Encumbrances (other than Permitted Encumbrances) against or in the Purchased Assets shall not have delivered to the Debtors prior to the Closing of the Sale Transaction, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Claims, Interests, or Encumbrances (other than Permitted Encumbrances) that the person or entity has with respect to the Purchased Assets, (a) the Debtors are hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Purchased Assets; (b) the Buyer is hereby authorized to file, register or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all such Claims, Interests, or Encumbrances (other than Permitted Encumbrances) against the Buyer and the applicable Purchased Assets; (c) the Debtors' creditors and the holders of any Claims, Interests, or Encumbrances (other than Permitted Encumbrances) are authorized and directed to execute such documents and take all other actions as may be necessary to terminate, discharge or release their Claims, Interests, or Encumbrances (other than Permitted Encumbrances) in the Purchased Assets and (d) the Buyer may seek in this Court or any other court to compel appropriate parties to execute termination statements, instruments of satisfaction and releases of

all such Claims, Interests, or Encumbrances (other than Permitted Encumbrances) with respect to the Purchased Assets.  This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department or office, and such agencies, departments and offices are authorized and directed to accept this Order for filing or recording.  Notwithstanding the foregoing, the provisions of this Order authorizing the sale and assignment of the Purchased Assets free and clear of Claims, Interests, and Encumbrances (other than any Permitted Encumbrances) shall be self-executing, and none of the Debtors or the Buyer shall be required to execute or file releases, termination statements, assignments, consents or other instruments in order to effectuate, consummate and implement the provisions of this Order.

13.    To the maximum extent permitted under applicable law, the Buyer shall be authorized, as of the Closing Date, to operate under any license, permit, registration and governmental authorization or approval of the Debtors with respect to the Purchased Assets, and all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been, and hereby are, directed to be transferred to the Buyer with respect to the Purchased Assets as of the Closing Date.  To the extent the Buyer cannot operate under any such license, permit, registration and governmental authorization or approval in accordance with the previous sentence, such licenses, permits, registrations and governmental authorizations and approvals shall be in effect while the Buyer, with assistance from the Debtors (and at the Buyer's sole cost and expense), works promptly and diligently to apply for and secure all necessary government approvals for new issuance of such licenses, permits, registrations and governmental authorizations and approvals to the Buyer.

14.     No governmental unit (as defined in Bankruptcy Code section 101(27)) or any representative thereof may deny, revoke, suspend or refuse to renew any permit, license or similar grant relating to the operation of the Purchased Assets on account of the filing or pendency of the Chapter 11 Cases or the consummation of the Sale Transaction to the extent that any such action by a governmental unit or any representative thereof would violate Bankruptcy Code section 525.

### No Successor or Transferee Liability

15.     Upon the Closing Date, except as provided in the William Rast APA, the entrance of this Order and the William Rast APA shall mean that the Buyer (and any of its affiliates, successors, or assigns), as a result of any action taken in connection with the William Rast APA, the consummation of the transactions contemplated by the William Rast APA, including, without limitation, the Sale Transaction and the assumption and assignment of the Assumed Contracts, or the transfer or operation of the Purchased Assets, shall not be deemed to: (a) be a legal successor or successor employer to the Debtors, or otherwise be deemed a successor to the Debtors, and shall instead be, and be deemed to be, a new employer with respect to all federal or state unemployment laws, including any unemployment compensation or tax laws, or any other similar federal or state laws; (b) have, *de facto*, or otherwise, merged or consolidated with or into the Debtors; or (c) be an alter ego or a mere continuation or substantial continuation of the Debtors or the enterprise(s) of the Debtors, including, in the case of each of (a)-(c), without limitation, (x) within the meaning of any foreign, federal, state or local revenue law, pension law, the Employee Retirement Income Security Act, the Consolidated Omnibus Budget Reconciliation Act, the WARN Act (29 U.S.C. §§ 2101 et seq.) ("WARN"), Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), the Fair Labor Standard Act, Title VII of the Civil Rights Act of 1964 (as amended), the Age Discrimination and Employment Act of 1967 (as amended), the Federal

Rehabilitation Act of 1973 (as amended), the National Labor Relations Act, 29 U.S.C. § 151, et seq. or (y) in respect of (i) any environmental liabilities, debts, claims or obligations arising from conditions first existing on or prior to the Closing Date (including, without limitation, the presence of hazardous, toxic, polluting, or contaminating substances or wastes), which may be asserted on any basis, including, without limitation, under CERCLA, (ii) any liabilities, penalties, costs, debts or obligations of or required to be paid by the Debtors for any taxes of any kind for any period, labor, employment, or other law, rule or regulation (including, without limitation, filing requirements under any such laws, rules or regulations), or (iii) any products liability law or doctrine with respect to the Debtors' liability under such law, rule or regulation or doctrine.

16.     Without limiting the generality of the foregoing, and except as otherwise provided in the William Rast APA and this Order, neither the Buyer nor any of its affiliates shall have any responsibility for (a) any liability or other obligation of the Debtors related to the Purchased Assets or (b) any Claims against the Debtors or any of their predecessors or affiliates. By virtue of the Buyer's purchase of the Purchased Assets, neither the Buyer nor any of its affiliates shall have any liability whatsoever with respect to the Debtors' (or their predecessors' or affiliates') respective businesses or operations or any of the Debtors' (or their predecessors' or affiliates') obligations based, in whole or part, directly or indirectly, on any theory of successor or vicarious liability of any kind or character, or based upon any theory of antitrust, environmental (including, but not limited to CERCLA), successor or transferee liability, *de facto* merger or substantial continuity, labor and employment (including, but not limited to, WARN) or products liability law, whether known or unknown as of the Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated, including any liabilities or non-monetary obligations on account of any settlement or injunction or any liabilities

on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the Purchased Assets prior to the Closing or such later time as Buyer is assigned and assumes any Assumed Contract (collectively, with the potential claims set forth in paragraph 15, "Successor or Transferee Liability"). The Buyer would not have acquired the Purchased Assets but for the foregoing protections against Successor or Transferee Liability.

17.     None of the Buyer or its affiliates, successors, assigns, equity holders, employees or professionals shall have or incur any liability to, or be subject to any action by any of the Debtors or any of their estates, predecessors, successors or assigns, arising out of the negotiation, investigation, preparation, execution, delivery of the William Rast APA and the entry into and consummation of the sale of the Purchased Assets, except as expressly provided in the William Rast APA and this Order.

18.     Nothing in this Order or the William Rast APA shall require the Buyer or any of its affiliates to (a) continue or maintain in effect, or assume any liability in respect of any employee, collective bargaining agreement, pension, welfare, fringe benefit or any other benefit plan, trust arrangement or other agreements to which the Debtors are a party or have any responsibility therefor including, without limitation, medical, welfare and pension benefits payable after retirement or other termination of employment; or (b) assume any responsibility as a fiduciary, plan sponsor or otherwise, for making any contribution to, or in respect of the funding, investment or administration of any employee benefit plan, arrangement or agreement (including but not limited to pension plans) or the termination of any such plan, arrangement or agreement.

19.     No bulk sales law or similar law of any state or other jurisdiction shall apply in any way to the transactions with the Debtors that are approved by this Order, including, without limitation, the William Rast APA and the Sale Transaction.

**Good Faith; Arm's Length Sale**

20.    The William Rast APA has been negotiated and executed, and the transactions contemplated thereby, including, without limitation, the Sale Transaction, the assumption and assignment of the Assumed Contracts, are and have been undertaken, by Debtors, the Buyer and their respective representatives at arm's length, without collusion and in "good faith," as that term is defined in Bankruptcy Code section 363(m).  Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale Transaction shall not affect the validity of the Sale Transaction or any term of the William Rast APA, and shall not permit the unwinding of the Sale Transaction.  The Buyer is a good faith purchaser within the meaning of Bankruptcy Code section 363(m) and, as such, is entitled to the full protections of Bankruptcy Code section 363(m).

21.    None of the Debtors or the Buyer has engaged in any conduct that would cause or permit the William Rast APA or the transactions contemplated thereby, including, without limitation, the Sale Transaction, the assumption and assignment of the Assumed Contracts, to be avoided or costs, or damages or costs, to be imposed, under Bankruptcy Code section 363(n).  The consideration provided by the Buyer for the Purchased Assets under the William Rast APA is fair and reasonable, and the Sale Transaction may not be avoided under Bankruptcy Code section 363(n).

**Assumption and Assignment of the Assumed Contracts**

22.    Except as otherwise expressly provided in the William Rast APA or this Order, upon the Closing Date, pursuant to Bankruptcy Code sections 105(a), 363, and 365, the Debtors are authorized to (a) assume each of the Assumed Contracts and assign the Assumed Contracts, set forth in **Exhibit 2** (the "Assumed Contracts Exhibit") attached hereto, which may be subsequently

modified at any time prior to the date that is twenty-one (21) days prior to the Closing Date and upon Buyer's delivery of written notice to the Debtors, to add or remove certain contracts pursuant to the terms of the William Rast APA, to the Buyer free and clear of all Claims, Interests, and Encumbrances (other than any Permitted Encumbrances) and (b) execute and deliver to the Buyer such documents or other instruments as may be reasonably requested by Buyer to assign and transfer the Assumed Contracts to the Buyer.

23.     The Cure Costs (as defined in the William Rast APA) listed on the Assumption Notice and Assumed Contracts Exhibit are the sole amounts necessary to be paid upon assumption of the Assumed Contracts under Bankruptcy Code sections 365(b)(1)(A) and (B) and 365(f)(2)(A). All Cure Costs, if any, shall be paid by the Buyer.  Upon the payment of the Cure Costs, if any, by the Buyer, the Assumed Contracts shall remain in full force and effect, and no default shall exist under the Assumed Contracts nor shall there exist any event or condition which, with the passage of time or giving of notice, or both, would constitute such a default.  The Cure Costs shall not be subject to further dispute or audit, including, without limitation, any based on performance prior to the Closing Date, irrespective of whether such Assumed Contract contains an audit clause.  After the payment of the Cure Costs by the Buyer, none of the Debtors or the Buyer shall have any further liabilities to the counterparties to the Assumed Contracts other than the Debtors' obligations under the Assumed Contracts that accrue and become due and payable on or after the Closing Date.

24.     In the event of a dispute as of, or after, the Closing Date regarding assumption and assignment or Cure Cost of any executory contract or unexpired lease proposed to be an Assumed Contract, the assumption and assignment of such executory contract or unexpired lease, and payment of any applicable Cure Costs, shall be made following the entry of an order of the Court resolving any such dispute (or upon the consensual resolution of such dispute as may be agreed by

the Buyer and such counterparty and, solely with respect to disputes regarding Cure Costs, the Debtors).  Upon an election of the Buyer to designate an executory contract or unexpired lease as an Excluded Contract, the Buyer shall have no liability whatsoever to the counterparty to such executory contract or unexpired lease or the Debtors.

25.    To the extent any non-Debtor counterparty to an Assumed Contract has failed to timely object to a proposed Cure Cost, such Cure Cost has been and shall be deemed to be finally determined as the Cure Cost listed on the Assumption Notice and Assumed Contracts Exhibit and any such non-Debtor counterparty shall be prohibited from challenging, objecting to, or denying the validity and finality of the Cure Cost at any time.  The non-Debtor counterparty to an Assumed Contract is forever bound by the applicable Cure Cost and, upon payment of the Cure Costs as provided herein and in the William Rast APA, is hereby enjoined from taking any action against Buyer with respect to any claim for cure under the Assumed Contract.

26.    Any provisions in any Assumed Contract that prohibit or condition the assignment of such Assumed Contract or allow the party to such Assumed Contract to terminate, recapture, impose any penalty, condition on renewal or extension or modify any term or condition upon assignment of such Assumed Contract, constitute unenforceable anti-assignment provisions that are void and of no force and effect.

27.    Any party that may have had the right to consent to the assignment of an Assumed Contract is deemed to have consented to such assignment, including for purposes of Bankruptcy Code sections 365(c)(1)(B) and 365(e)(2)(A)(ii) and otherwise, if such party failed to object to the assumption and assignment of such Assumed Contract.

28.    Each Assumed Contract constitutes an executory contract or unexpired lease under the Bankruptcy Code and all requirements and conditions under Bankruptcy Code sections 363

and 365 for the assumption by the Debtors and assignment to the Buyer of the Assumed Contracts have been, or will be, satisfied.  Upon the Buyer's assumption of the Assumed Contracts in accordance with the terms hereof, in accordance with Bankruptcy Code sections 363 and 365, (a) the Buyer shall be fully and irrevocably vested with all rights, title and interest of the Debtors under the Assumed Contracts, (b) the Buyer shall be deemed to be substituted for the Debtors as a party to the applicable Assumed Contracts, and (c) the Debtors shall be relieved, pursuant to Bankruptcy Code section 365(k), from any further liability under the Assumed Contracts.

29.    The Buyer has demonstrated adequate assurance of future performance under the relevant Assumed Contracts within the meaning of Bankruptcy Code sections 365(b)(1)(C)  and 365(f)(2)(B).

30.    There shall be no rent accelerations, assignment fees, increases or any other fees charged to the Debtors or the Buyer as a result of the assumption, assignment and sale of the Assumed Contracts.  Subject to the terms of the William Rast APA, the validity of the transactions contemplated by the William Rast APA, including, without limitation, the Sale Transaction and the assumption and assignment of the Assumed Contracts, shall not be affected by any dispute between any of the Debtors or their affiliates, and another party to an Assumed Contract regarding the payment of any amount.  Upon assignment to the Buyer, the Assumed Contracts shall be valid and binding, in full force and effect and enforceable by the Buyer in accordance with their respective terms.

31.    Pursuant to Bankruptcy Code sections 105(a), 363, and 365, all counterparties to the Assumed Contracts are forever barred and permanently enjoined from raising or asserting against the Debtors or the Buyer any assignment fee, default, breach or claim of pecuniary loss, or condition to assignment, arising under or related to the Assumed Contracts existing as of and

including the Closing Date under the William Rast APA or arising by reason of the consummation of transactions contemplated by the William Rast APA, including, without limitation, the Sale Transaction, the assumption and assignment of the Assumed Contracts.

32.     All counterparties to the Assumed Contracts shall cooperate and expeditiously execute and deliver, upon the reasonable requests of the Buyer, and shall not charge the Debtors or the Buyer for any instruments, applications, consents or other documents which may be required or requested by any public or quasi-public authority or other party or entity to effectuate the applicable transfers in connection with the Sale of the Purchased Assets.

### Application of Proceeds

33.     Subject to the "Payment in Full" of the Prepetition BAML Obligations, the Debtors are authorized and directed to distribute the consideration received by the Debtors from the sale of the Purchased Assets as follows: first, to the holders of the DIP Obligations as of the date of the initial funding under the DIP Credit Facility (or as otherwise agreed to between the Buyer and such holders of the DIP Obligations) until such time as the DIP Obligations are paid in full in cash (or as otherwise agreed by the DIP Agent as directed by the Required Lenders) and all commitments to lend under the DIP Loan Documents have been terminated, and second, to the Prepetition Term B Agent for distribution to the holders of the Prepetition Term B Obligations as of the Petition Date (or as otherwise agreed to between the Buyer and such holders of the Prepetition Term B Obligations) in accordance with the Prepetition Term B Credit Agreement until the Prepetition Term B Obligations have been paid in full in cash (or as otherwise agreed by the Prepetition Term B Agent as directed by the Required Lenders).  The application of the consideration from the sale of the Purchased Assets pursuant to the immediately preceding sentence complies with the

requirements of the DIP Orders and the DIP Loan Documents and is supported by good, sufficient and sound business reasons.

### **Related Relief**

34.     Each and every federal, state and governmental agency or department, and any other person or entity, is hereby authorized to accept any and all documents and instruments in connection with or necessary to consummate the Sale Transaction contemplated by the William Rast APA.

35.     No governmental unit may revoke or suspend any right, license, copyright, patent, trademark or other permission relating to the use of the Purchased Assets sold, transferred or conveyed to the Buyer on account of the filing or pendency of these Chapter 11 Cases or the consummation of the sale of the Purchased Assets.

36.     Except as expressly provided in the William Rast APA, nothing in this Order shall be deemed to waive, release, extinguish or estop the Debtors or their estates from asserting, or otherwise impair or diminish, any right (including, without limitation, any right of recoupment), claim, cause of action, defense, offset or counterclaim in respect of any Excluded Asset.

37.     All entities that are presently, or on the Closing Date may be, in possession of some or all of the Purchased Assets are hereby directed to surrender possession of the Purchased Assets to the Buyer on or prior to the Closing Date or such later date that such party and Buyer mutually agree.

38.     To the extent this Order is inconsistent with any prior order or pleading filed in these Chapter 11 Cases related to the Motion, the terms of this Order shall govern.  To the extent there is any inconsistency between the terms of this Order and the terms of the William Rast APA, the terms of this Order shall govern.

39.    This Order and the William Rast APA shall be binding in all respects upon all pre-petition and post-petition creditors of the Debtors, all interest holders of the Debtors, all non-Debtor parties to the Assumed Contracts, any Court-appointed committee, all successors and assigns of the Debtors and their affiliates and subsidiaries, and any trustees, examiners, "responsible persons" or other fiduciaries appointed in these Chapter 11 Cases or upon a conversion of the Debtors' cases to those under chapter 7 of the Bankruptcy Code, including a chapter 7 trustee, and the William Rast APA and Sale Transaction shall not be subject to rejection or avoidance under any circumstances by any party.  If any order under Bankruptcy Code section 1112 is entered, such order shall provide (in accordance with Bankruptcy Code sections 105 and 349) that this Order and the rights granted to the Buyer hereunder shall remain effective and, notwithstanding such dismissal, shall remain binding on parties in interest.  For the avoidance of doubt, the Debtors' inability to satisfy in full all administrative expense claims of the Debtors' estates shall not be a basis for termination, rejection or avoidance (as applicable) of the William Rast APA or the Sale Transaction.

40.    This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the William Rast APA, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtors are a party or which has been assigned by the Debtors to the Buyer, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale Transaction, including any and all disputes with any counterparty to any executory contract or unexpired lease of the Debtors (including, without limitation, disputes with respect to assumption and assignment of any Assumed Contracts or any cure disputes) and any party that has, or asserts, possession, control or other rights in respect of any of the Purchased Assets;

provided, however, that, in the event the Court abstains from exercising or declines to exercise such jurisdiction with respect to the William Rast APA, the Bidding Procedures Order, or this Order, such abstention, refusal, or lack of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.  This Court retains jurisdiction to compel delivery of the Purchased Assets, to protect the Debtor and its assets, including the Purchased Assets, against any Claims and successor and transferee liability and to enter orders, as appropriate, pursuant to Bankruptcy Code sections 105(a) or 363 (or other applicable provisions) necessary to transfer the Purchased Assets to the Buyer.

41.     At any time prior to the Closing Date, the Buyer or the Debtors may terminate the William Rast APA pursuant to the terms thereof without any penalty or liability to the Buyer or the Debtors (or their estates), except as set forth in the William Rast APA.

42.     The William Rast APA and any related agreements, documents, or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court.

43.     This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding any provision in the Bankruptcy Rules to the contrary, including but not limited to Bankruptcy Rules 6004(h) and 6006(d), the Court expressly finds there is no reason for delay in the implementation of this Order and, accordingly: (a) the terms of this Order shall be immediately effective and enforceable upon its entry; (b) the Debtors are not subject to any stay of this Order or in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Debtors and the Buyer may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

44.     The Buyer shall not be required to seek or obtain relief from the automatic stay under Bankruptcy Code section 362, to give any notice permitted by the William Rast APA or to enforce any of its remedies under the William Rast APA or any other sale-related document.  The automatic stay imposed by Bankruptcy Code section 362 is modified solely to the extent necessary to implement the preceding sentence; provided however, that this Court shall retain exclusive jurisdiction over any and all disputes with respect thereto.

45.     The provisions of this Order are non-severable and mutually dependent.

46.     Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d) or any applicable provisions of the Local Rules, this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the 14-day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply.  Time is of the essence in closing the Sale Transaction and the Debtors and the Buyer intend to close the Sale Transaction as soon as practicable.

47.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

**Dated: November 3rd, 2021**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

36