## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SEQUENTIAL BRANDS GROUP, INC., *et al.*[1] | Case No. 21-11194 (JTD) |
| Debtors. | (Jointly Administered) |

## SUPPLEMENTAL CERTIFICATE OF SERVICE

I, Travis R. Buckingham, depose and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtors in the above-captioned case.

On November 3, 2021, at my direction and under my supervision, employees of KCC caused to be served the following documents via First Class Mail upon the service list attached hereto as **Exhibit C**:

- **Notice of Deadlines for the Filing of (I) Proofs of Claim, Including Requests for Payment Pursuant to Section 503(B)(9) of the Bankruptcy Code, (II) Administrative Claims, and (III) Rejection Damages Claims** [*attached hereto as* **Exhibit A**]

- **Proof of Claim Form** [*attached hereto as* **Exhibit B**]

Dated: November 9, 2021

/s/  Travis R. Buckingham
Travis R. Buckingham
KCC
222 N Pacific Coast Hwy
Suite 300
El Segundo, CA 90245
Tel 310.823.9000

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Sequential Brands Group, Inc. (2789), SQBG, Inc. (9546), Sequential Licensing, Inc. (7108), William Rast Licensing, LLC (4304), Heeling Sports Limited (0479), Brand Matter, LLC (1258), SBG FM, LLC (8013), Galaxy Brands LLC (9583), The Basketball Marketing Company, Inc. (7003), American Sporting Goods Corporation (1696), LNT Brands LLC (3923), Joe's Holdings LLC (3085), Gaiam Brand Holdco, LLC (1518), Gaiam Americas, Inc. (8894), SBG-Gaiam Holdings, LLC (8923), SBG Universe Brands, LLC (4322), and GBT Promotions LLC (7003).  The Debtors' corporate headquarters and the mailing address for each Debtor is 1407 Broadway, 38th Floor, New York, NY 10018.

# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEQUENTIAL BRANDS GROUP, INC., *et al.*,[1] | ) | Case No. 21-11194 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEADLINES FOR THE FILING OF (I) PROOFS OF CLAIM, INCLUDING
REQUESTS FOR PAYMENT PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY
CODE, (II) ADMINISTRATIVE CLAIMS, AND (III) REJECTION DAMAGES CLAIMS**

**TO:   ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF
THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Sequential Brands Group, Inc. (a/k/a Singer Madeline Holdings, Inc.) | 21-11194 (JTD) |
| SQBG, Inc. (a/k/a Sequential Brands Group, Inc.) | 21-11195 (JTD) |
| Sequential Licensing, Inc. | 21-11196 (JTD) |
| William Rast Licensing, LLC | 21-11197 (JTD) |
| Heeling Sports Limited | 21-11198 (JTD) |
| Brand Matter, LLC | 21-11199 (JTD) |
| SBG FM, LLC | 21-11200 (JTD) |
| Galaxy Brands LLC | 21-11201 (JTD) |
| The Basketball Marketing Company, Inc. | 21-11202 (JTD) |
| American Sporting Goods Corporation | 21-11203 (JTD) |
| LNT Brands LLC | 21-11204 (JTD) |
| Joe's Holdings LLC | 21-11205 (JTD) |
| Gaiam Brand Holdco, LLC | 21-11206 (JTD) |
| Gaiam Americas, Inc. | 21-11207 (JTD) |
| SBG-Gaiam Holdings, LLC | 21-11208 (JTD) |
| SBG Universe Brands, LLC | 21-11209 (JTD) |
| GBT Promotions LLC | 21-11210 (JTD) |

---

[1]   The Debtors, along with the last four digits of each Debtor's tax identification number, are: Sequential Brands Group, Inc. (2789), SQBG, Inc. (9546), Sequential Licensing, Inc. (7108), William Rast Licensing, LLC (4304), Heeling Sports Limited (0479), Brand Matter, LLC (1258), SBG FM, LLC (8013), Galaxy Brands LLC (9583), The Basketball Marketing Company, Inc. (7003), American Sporting Goods Corporation (1696), LNT Brands LLC (3923), Joe's Holdings LLC (3085), Gaiam Brand Holdco, LLC (1581), Gaiam Americas, Inc. (8894), SBG-Gaiam Holdings, LLC (8923), SBG Universe Brands, LLC (4322), and GBT Promotions LLC (7003). The Debtors' corporate headquarters and the mailing address for each Debtor is 1407 Broadway, 38th Floor, New York, NY 10018.

1

**PLEASE TAKE NOTICE THAT:**

On August 31, 2021 (the "Petition Date"), Sequential Brands Group, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

On October 4, 2021 the Court entered an order [Docket No. 162] (the "Bar Date Order")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim ("Proofs of Claim"), including claims by governmental units, claims arising under section 503(b)(9) of the Bankruptcy Code, Rejection Damages Claims, and requests for payment of certain Administrative Claims.

For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim form, which identifies the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules"). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the District of Delaware. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.     THE BAR DATES.

The Bar Date Order establishes the following bar dates for filing Proofs of Claim or requests for payment of Administrative Claims in these chapter 11 cases (the "Bar Dates").

> a.     ***The Claims Bar Date***. Pursuant to the Bar Date Order, except as described below, all entities holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file Proofs of Claim **by November 30, 2021, at 5:00 p.m., prevailing Eastern Time** (the "Claims Bar Date"). The Claims Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims,

---

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

unsecured priority claims, and unsecured non-priority claims; *provided that*, unless otherwise ordered by the Court, the bar date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall be the later of: **(a) the Claims Bar Date; or (b) 5:00 p.m. prevailing Eastern time on the date that is thirty (30) days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors.**

b.    *The Governmental Bar Date*.  Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file proofs of claim **by February 28, 2022, at 5:00 p.m., prevailing Eastern Time** (the "Governmental Bar Date").  The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c.    **The Administrative Claims Bar Date.**  Pursuant to the Bar Date Order, all claimants holding Administrative Claims against the Debtors' estates arising on or prior to November 15, 2021 (the "Administrative Claims Deadline"), excluding claims for fees and expenses of professionals retained in these proceeding and claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file a request for payment of such Administrative Claims with the Court and, if desired, a notice of hearing on such Administrative Claims, by **December 27, 2021, at 5:00 p.m. prevailing Eastern Time** (the "Administrative Claims Bar Date").

d.    *The Amended Schedules Bar Date*.  Pursuant to the Bar Date Order, all parties asserting claims against the Debtors' estates that are affected by a previously unfiled Schedule or amendment or supplement to the Schedules are required to file Proofs of Claim so that such Proofs of Claim are actually received **by the Claims and Noticing Agent by the Amended Schedules Bar Date (i.e., by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m., prevailing Eastern Time, on the first business day that is twenty-one (21) days from the date on which the Debtors provide notice of such filing, amendment or supplement)**.

e.   ***The Rejection Damages Bar Date.*** Pursuant to the Bar Date Order, all parties asserting claims against the Debtors' estates arising from the Debtors' rejection of an executory contract or unexpired lease are required to file Proofs of Claim with respect to such rejection so that such Proofs of Claim are actually received **by the Claims and Noticing Agent by the Rejection Damages Bar Date (i.e., by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m., prevailing Eastern Time, on the first business day that is thirty (30) days following entry of an order approving such rejection)**.

## II.   WHO MUST FILE A PROOF OF CLAIM OR REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM.

Except as otherwise set forth herein, the following entities (i) holding claims against the Debtors arising prior to the Petition Date ***must*** file Proofs of Claim on or before the applicable Bar Date; and, as applicable, (ii) holding Administrative Claims against the Debtors arising prior to the Administrative Claims Deadline ***must*** file requests for payment of such Administrative Claims on or before the Administrative Claims Bar Date:

a.   any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed in such Schedules as "contingent," "unliquidated," or "disputed" if such person or entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.   any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.   any person or entity who believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules;

d.   any entity who believes that its claim against a Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code; and

e.   any person or entity who believes that its claim against a Debtor is or may be an Administrative Claim that arises on or prior to the Administrative Claims Deadline, excluding claims for fees and expenses of professionals retained in these proceedings and claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code.

4

### III.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM OR ADMINISTRATIVE CLAIMS.

Certain parties are not required to file Proofs of Claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim.  If the Court does enter such an order, you will receive notice of it.  The following persons or entities holding claims that would otherwise be subject to the Bar Dates need ***not*** file Proofs of Claims or requests for payment of Administrative Claims:

a.    any person or entity who already has filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of the Court or with KCC in a form substantially similar to Official Form 410;

b.    any person or entity whose claim is listed on the Schedules if: (i) the claim is ***not*** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.    any person or entity whose claim has previously been allowed by order of the Court;

d.    any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

e.    any Debtor having a claim against another Debtor;

f.    any person or entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

g.    any person or entity whose claim is based on an equity interest in any of the Debtors; *provided* that any holder of an equity interest who wishes to assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Claims Bar Date pursuant to procedures set forth herein;

h.    any current or former officer, director, manager, or employee of any Debtor for claims based on indemnification, contribution, or reimbursement;

i.    any person or entity holding a Claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930;

j.    with respect to any Administrative Claims, any governmental unit not required to file a Proof of Claim or request for payment of

Administrative Claim or application for allowance for any claim covered by section 503(b)(B), (C), or (D) of the Bankruptcy Code;

k.     the DIP Agent, a DIP Lender, and/or a Prepetition Secured Party, as to any claim arising under or in connection with the DIP Loan Documents, Prepetition Documents, or the *Interim Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Super-Priority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [D.I. 70] (the "Interim DIP Order") or any Final Order entered by this Court (as each such defined term is defined in the Interim DIP Order);

l.     claims for fees and expenses of professionals retained in these chapter 11 cases; and

m.     any holder of a claim for which a separate deadline for filing a Proof of Claim is fixed by an order of the Court.

## IV.    INSTRUCTIONS FOR FILING PROOFS OF CLAIM.

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.     ***Contents***.  Each Proof of Claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.     ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.     ***Record Keeping***.  Any creditor or interest holder that electronically files a Proof of Claim or interest shall retain such Proof of Claim or interest (and supporting documents) with an original signature for a period of not less than two (2) years from the date the Proof of Claim or interest is electronically filed.

d.     **Proofs of Claim sent by facsimile, telecopy, or electronic mail will not be accepted**

e.   ***Identification of the Debtor Entity***.   Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Sequential Brand Group, Inc.

f.   ***Claim Against Multiple Debtor Entities***.   Unless otherwise ordered by the Court, each Proof of Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.

g.   ***Supporting Documentation***.   Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d).  If, however, such documentation is voluminous, upon prior written consent of Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that receives such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

h.   ***Timely Service***.   Each Proof of Claim must be filed, including supporting documentation, so as to be ***actually received*** by KCC on or before the Claims Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court) either (1) electronically through the interface available at  https://epoc.kccllc.net/sqbg or (2) by first class, overnight U.S. mail, or by other hand delivery system at the following address:

**SQBG Claims Processing Center**
**c/o KCC**
**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, CA 90245**

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

i.   ***Receipt of Service***.   Claimants wishing to receive acknowledgment that their Proofs of Claim were received by KCC must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to KCC) and (ii) a self-addressed, stamped envelope.

**Any person or entity that relies on the Schedules has the responsibility to determine that the Claim is accurately listed on the Schedules in all respects.**

## V. CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM OR ADMINISTRATIVE CLAIM.

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim or Administrative Claim in accordance with the Bar Date order on or before the applicable Bar Date, please be advised that:

    a.    YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

    b.    THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

    c.    YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

    d.    YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PLANS FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI. AMENDMENTS TO THE DEBTORS' SCHEDULES

If, subsequent to the date of this Notice, the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim on or before the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable to such claim and (b) 5:00 p.m., prevailing Eastern Time on the first business day that is twenty-one (21) days after the date that on which the Debtors provide notice of the amendment to the Schedules (or another time period as may be fixed by the Court) as the date by which claimants holding claims affected by the amendment must file Proofs of Claim with respect to such claim (any such date, an "Amended Schedules Bar Date").

## VII. RESERVATION OF RIGHTS.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VIII.    THE DEBTORS' SCHEDULES AND ACCESS THERETO.

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim forms regarding the nature, amount, and status of your claim(s).  If the Debtors believe that you may hold claims against more than one Debtor entity, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  However, you may rely on the enclosed form, which sets forth: (a) the amount of your claim (if any) as scheduled; (b) identifies the Debtor entity against which it is scheduled; (c) specifies whether your claim is listed in the Schedules as "contingent," "unliquidated," or "disputed; and (d) identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need ***not*** file a proof of claim.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## IX.    ADDITIONAL INFORMATION.

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on KCC's website at http://www.kccllc.net/sqbg.  The Schedules and other filings in these chapter 11 cases are available for a fee at the Court's website at http://www.deb.uscourts.gov.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m., prevailing Eastern Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, KCC, directly by writing to:  SQBG Claims Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245, or contact the Debtors' restructuring hotline at:  (866) 556-7696 (toll free) and (781) 575-2048 (international).  ***Please note*** that KCC ***cannot*** offer legal advice or advise whether you should file a proof of claim.

---

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM OR REQUEST FOR PAYMENT OF AN ADMINISTRATIVE CLAIM.**

---

Dated: October 21, 2021                    **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:  ljones@pszjlaw.com
            tcairns@pszjlaw.com

-and-

**GIBSON, DUNN & CRUTCHER LLP**
Scott J. Greenberg  (admitted *pro hac vice*)
Joshua K. Brody (admitted *pro hac vice*)
Jason Zachary Goldstein (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Tel:     (212) 351-4000
Fax:     (212) 351-4035
Email:   sgreenberg@gibsondunn.com
            jbrody@gibsondunn.com
            jgoldstein@gibsondunn.com

*Counsel to the Debtors and Debtors in Possession*

# Exhibit B

Your claim can be filed electronically on KCC's website at **https://epoc.kccllc.net/SQBG**.

---

| United States Bankruptcy Court for the District of Delaware |
|---|

Indicate Debtor against which you assert a claim by checking the appropriate box below. (**Check only one Debtor per claim form.**)

☐ Sequential Brands Group, Inc. (Case No. 21-11194)  ☐ Brand Matter, LLC (Case No. 21-11199)  ☐ Joe's Holdings, LLC (Case No. 21-11205)
☐ SQBG, Inc. (Case No. 21-11195)  ☐ SBG FM, LLC (Case No. 21-11200)  ☐ Gaiam Brand Holdco, LLC (Case No. 21-11206)
☐ Sequential Licensing, Inc. (Case No. 21-11196)  ☐ Galaxy Brands, LLC (Case No. 21-11201)  ☐ Gaiam Americas, Inc. (Case No. 21-11207)
☐ William Rast Licensing, LLC (Case No. 21-11197)  ☐ The Basketball Marketing Company, Inc. (Case No. 21-11202)  ☐ SBG-Gaiam Holdings, LLC (Case No. 21-11208)
☐ Heeling Sports Limited (Case No. 21-11198)  ☐ American Sporting Goods Corp. (Case No. 21-11203)  ☐ SBG Universe Brands, LLC (Case No. 21-11209)
  ☐ LNT Brands, LLC (Case No. 21-11204)  ☐ GBT Promotions LLC (Case No. 21-11210)

---

## Official Form 410
# Proof of Claim
*04/19*

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Other than a claim under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for an administrative expense arising after the commencement of the case.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.**

| **Part 1:** | **Identify the Claim** |
|---|---|

| 1. | Who is the current creditor? | |
|---|---|---|
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor |

| 2. | Has this claim been acquired from someone else? | ☐ No |
|---|---|---|
| | | ☐ Yes.  From whom? |

| 3. | Where should notices and payments to the creditor be sent? | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|---|---|
| | Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Name | Name |
| | | Number       Street | Number       Street |
| | | City                State        ZIP Code | City                State        ZIP Code |
| | | Country | Country |
| | | Contact phone _____ | Contact phone _____ |
| | | Contact email _____ | Contact email _____ |
| | | Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |
| | | __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ | |

| 4. | Does this claim amend one already filed? | ☐ No | | |
|---|---|---|---|---|
| | | ☐ Yes.  Claim number on court claims registry (if known) _____ | Filed on | MM / DD / YYYY |

| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☐ No |
|---|---|---|
| | | ☐ Yes. Who made the earlier filing? _____ |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

---

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

---

**7. How much is the claim?**

$ _____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

---

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate: If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                              $_____

**Amount of the claim that is secured:**        $_____

**Amount of the claim that is unsecured:**      $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed) _____ %

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

---

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

---

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br><br>☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. **Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br><br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.<br><br>$_____ | |

---

| **Part 3:** | **Sign Below** |
|---|---|

| The person completing this proof of claim must sign and date it. FRBP 9011(b).<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>☐ I am the creditor.<br><br>☐ I am the creditor's attorney or authorized agent.<br><br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br><br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date  _____<br>　　　　　　　　　　MM / DD / YYYY<br><br>_____<br>Signature<br><br>**Print the name of the person who is completing and signing this claim:** |

| | |
|---|---|
| Name | _____<br>First name　　　　Middle name　　　　Last name |
| Title | _____ |
| Company | _____<br>Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____<br>Number　　　Street |
| | _____<br>City　　　　　　　　State　　　ZIP Code　　　Country |
| Contact phone | _____　　Email _____ |

## Official Form 410
# Instructions for Proof of Claim
United States Bankruptcy Court                                                                           04/19

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

---

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
18 U.S.C. §§ 152, 157 and 3571

---

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivery health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:**

SQBG Claims Processing Center
c/o KCC
222 N. Pacific Coast Hwy., Ste. 300
El Segundo, CA 90245

Alternatively, your claim can be filed electronically on KCC's website at https://epoc.kccllc.net/SQBG.

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State)*. See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may view a list of filed claims in this case by visiting the Claims and Noticing and Agent's website at http://www.kccllc.net/SQBG

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing that bankruptcy estate. 11 U.S.C. § 503

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business.  Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity to who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received.
11 U.S.C. §101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Do not file these instructions with your form.**

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

# Exhibit C

**Exhibit C**
**Creditor Matrix Service List**
**Served via First Class Mail**

| CreditorName | Address1 | City | State | Zip |
|---|---|---|---|---|
| Henry S. Johnston | 170 Johnston Lane | Keatchie | LA | 71046 |

In re: Sequential Brands Group, Inc., et al.
Case No. 21-11194

Page 1 of 1