**EXHIBIT 1 TO ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| SEQUENTIAL BRANDS GROUP, INC., *et al.*,[1] | ) Case No. 21-11194 (JTD) |
| Debtors. | ) Jointly Administered |

**STIPULATION GRANTING THE CHUBB COMPANIES RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO (I) ADVANCE AND/OR REIMBURSE PAYABLE DEFENSE COSTS AND FEES OF THE DEBTORS AND D&O DEFENDANTS AND (II) TAKE ACTIONS RELATED THERETO IN ACCORDANCE WITH THE TERMS AND CONDITIONS OF A CERTAIN INSURANCE POLICY**

This stipulation (the "Stipulation") is made and entered into by and between the above-captioned debtors and debtors in possession (collectively, the "Debtors") and ACE American Insurance Company ("ACE," together and collectively with each of its U.S.-based affiliates and successors, the "Chubb Companies," and together with the Debtors, the "Parties").

**RECITALS**

A.  On August 31, 2021 (the "Petition Date"), the Debtors commenced these chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Sequential Brands Group, Inc. (2789), SQBG, Inc. (9546), Sequential Licensing, Inc. (7108), William Rast Licensing, LLC (4304), Heeling Sports Limited (0479), Brand Matter, LLC (1258), SBG FM, LLC (8013), Galaxy Brands LLC (9583), The Basketball Marketing Company, Inc. (7003), American Sporting Goods Corporation (1696), LNT Brands LLC (3923), Joe's Holdings LLC (3085), Gaiam Brand Holdco, LLC (1581), Gaiam Americas, Inc. (8894), SBG-Gaiam Holdings, LLC (8923), SBG Universe Brands, LLC (4322), and GBT Promotions LLC (7003). The Debtors' corporate headquarters and the mailing address for each Debtor is 105 E. 34th Street, #249, New York, NY 10016.

1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in the Chapter 11 Cases.

      B.      The factual background regarding the Debtors, including their current and historical business operations, is set forth in detail in the *Declaration of Lorraine DiSanto in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 3] (the "First Day Declaration") filed on the Petition Date and fully incorporated herein by reference.[2]

      C.      Debtor Sequential Brands Group, Inc. ("Sequential Brands") and certain of its former directors and officers are named defendants (such former directors and officers, the "D&O Defendants") in three (3) presently active litigations: the SEC Action, the Derivative Matters, and the Class Action (each as defined herein) (collectively, and together with the August Settlement (as defined herein), the "Litigations"), each of which has necessitated the incurrence of related legal fees, costs, and expenses by Sequential Brands and the D&O Defendants (such legal fees, costs, and expenses, collectively, the "Defense Costs")[3]:

    i.    *First*, on December 11, 2020, the Securities and Exchange Commission (the "SEC") filed a lawsuit against Sequential Brands in the U.S. District Court for the Southern District of New York captioned *Securities and Exchange Commission v. Sequential Brands Group, Inc.*, Case No. 1:20-cv-10471-JPO (the "SEC Action").[4]

    ii.    *Second*, on January 20, 2021, a shareholder derivative complaint, captioned *Delmonico v. Shmidman, et al.*, Case No. 1:21-cv-00060-UNA (the "Initial Derivative Suit"), was filed in the U.S. District Court for the District of Delaware against Sequential Brands and certain of its former officers and directors. On June 16, 2021, a second shareholder derivative complaint, captioned *D'Arcy v. Shmidman, et al.*, Case No. 1:21-cv-00862-UNA (the "Subsequent Derivative Suit"

---

[2]    Capitalized term used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

[3]    For the avoidance of doubt, solely for purposes of this Stipulation, the Defense Costs shall not include any judgments, awards, settlements or other costs granted or awarded as a result of any of the Litigations or any costs associated with the affirmative prosecution or other pursuit (as opposed to the defense) of claims in the Litigations. The Parties reserve all of their rights to seek this Court's further approval or other relief, if and when necessary and appropriate, to fund, reimburse or otherwise pay any such judgments, awards, settlements or costs.

[4]    In connection with the SEC Action, certain D&O Defendants were issued subpoena requests. The D&O Defendants have requested that ACE advance and/or reimburse Defense Costs arising with respect to those requests.

and together with the Initial Derivative Suit and as consolidated, the "Derivative Matters"), was filed in the U.S. District Court for the District of Delaware against the same parties. On July 1, 2021, the Subsequent Derivative Suit was consolidated by stipulation with the Initial Derivative Suit into a single action captioned *In re Sequential Brands Group, Inc. Derivative Litigation*, Case No. 1:21-cv-00060-CFC.

    iii. *Third*, on March 16, 2021, a class action lawsuit captioned *D'Arcy v. Sequential Brands Group, Inc., et al.*, Case No. 2:21-cv-02305-JFW-RAO (the "Class Action") was filed by a purchaser of Sequential Brands' publicly traded securities, and prospectively on behalf of all other purchasers of such securities between November 3, 2016 and December 11, 2020, in the U.S. District Court for the Central District of California against Sequential Brands and certain of its former officers and directors.

D. In addition to the foregoing, on August 9, 2021, the SEC settled forthcoming charges against a former officer of the Debtors[5] related to the allegations made in the SEC Action (the "August Settlement"), which August Settlement also resulted in the incurrence of Defense Costs.

E. Prior to the Petition Date, ACE issued a certain ACE Advantage Management Protection Policy No. DON G26811181 006 (the "Policy"), pursuant to which ACE provides certain directors' and officers' insurance coverage to, among others, certain of the Debtors and certain of their directors, officers and employees, subject to certain limits, deductibles, exclusions, terms, and conditions, as more particularly described therein.

F. In relevant part, the Policy provides that ACE shall pay, on behalf of an "Insured Person" and the "Company"[6] (each as defined in the Policy) as applicable, certain amounts,

---

[5] The former officer of the Debtors referenced in this paragraph is also a "D&O Defendant" for purposes of this Stipulation.

[6] Under the Policy, "Company" means Sequential Brands and its Subsidiaries (as defined in the Policy).

including, but not limited to, reasonable costs, charges, fees (including attorneys' fees and experts' fees) and expenses incurred in investigating, defending, opposing or appealing any claim.[7]

G. Sequential Brands and the D&O Defendants have made claim(s) under the Policy, asserting that they are each an Insured Person or Insured under the Policy and requesting that ACE advance and/or reimburse the Defense Costs arising in connection with the Litigations.

H. Rather than face the potential need to engage in litigation over whether and to what extent the Policy and the proceeds thereof constitute property of the Debtors' estates, the Parties have negotiated in good faith and at arm's-length and have entered into this Stipulation to permit ACE to advance and/or reimburse Defense Costs to Sequential Brands and each of the D&O Defendants in connection with or relating in any way to the Litigations, and payable pursuant to the terms of the Policy, subject to and in accordance with the terms and conditions of the (i) Policy, (ii) the Reservation of Rights, (iii) this Stipulation and (iv) an order of the Court authorizing and approving this Stipulation, which order shall be in form and substance reasonably acceptable to the Parties (the "Approval Order").

**NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES, SUBJECT TO APPROVAL BY THE COURT, THAT:**

1. The recitals set forth in Paragraph A through H above are incorporated herein by this reference as though set forth at length.

---

[7] Whether Sequential Brands, any D&O Defendant or any other Insured Person entitled to coverage under the Policy is subject in all respects to the terms and conditions of the Policy, and nothing in this Stipulation or the Approval Order alters those terms and conditions or otherwise is a representation that Sequential Brands, any D&O Defendant or any other Insured Person and/or the Defense Costs addressed herein are covered under the Policy. Instead, all rights and defenses of the Chubb Companies, the Insured Persons and the Company are reserved with respect thereto (collectively, the "Reservation of Rights").

2. Upon the Effective Date (defined herein), the automatic stay imposed by Section 362(a) of the Bankruptcy Code, if and to the extent applicable, shall be modified to permit ACE to advance and/or reimburse Sequential Brands' and the D&O Defendants' Defense Costs incurred in connection with or relating in any way to the Litigations and payable pursuant to the terms of the Policy and take actions related thereto in accordance with and subject to all of the terms and conditions of the Policy, the Reservation of Rights, this Stipulation, and the Approval Order.

3. The Debtors, for themselves and their successors and their estates, hereby waive any right to challenge or otherwise object to the advancement and/or reimbursement by ACE of Sequential Brands' and the D&O Defendants' Defense Costs incurred in connection with or relating in any way to the Litigations and payable pursuant to the terms of the Policy.

4. Upon the Effective Date, without further order of this Court or notice to any party, ACE shall be permitted to advance and/or reimburse the Defense Costs to Sequential Brands and each of the D&O Defendants and to take any actions related thereto in accordance with and subject to all of the terms and conditions of the Policy, the Reservation of Rights, this Stipulation, and the Approval Order.

5. This Stipulation is conditioned upon the Court's entry of the Approval Order approving this Stipulation in a form reasonably acceptable to the Parties and on such notice and after a hearing, if the Court may require, and the Parties shall use their commercially reasonable efforts to obtain entry of the Approval Order.

6. Notwithstanding any provision of the Approval Order to the contrary, the date upon which the Approval Order has been entered by the Court and has become a final, non-appealable order with no appeal of or concerning the Approval Order pending shall be referred to as the

"Effective Date." This Stipulation and the Approval Order shall be effective and binding upon the Parties on and after the Effective Date.

7. This Stipulation and the Approval Order contain the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation and the Approval Order.

8. Nothing in this Stipulation or the Approval Order alters, amends, modifies, revises, or otherwise changes any term or condition of the Policy or of any other insurance policy issued by any of the Chubb Companies or any agreements related thereto.

9. Nothing in this Stipulation or the Approval Order shall be construed as or deemed: (a) an admission as to the validity of any claim against any of the Debtors, the Chubb Companies, or Insured Persons; (b) a waiver of any rights of any of the Debtors, the Chubb Companies, or Insured Persons to dispute any claim on any ground; (c) a promise by any of the Debtors, the Chubb Companies, or Insured Persons to pay any claim; or (d) a waiver of any rights of any of the Debtors under the Bankruptcy Code or any other applicable law.

10. Nothing in this Stipulation or the Approval Order modifies, or shall be deemed to modify, the automatic stay under Section 362 of the Bankruptcy Code, if and to the extent applicable, with respect to any of the Litigations as against the Debtors.

11. This Stipulation may only be changed, modified or otherwise altered in a writing executed by the Parties. Oral modifications are not permitted.

12. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. A signature transmitted by facsimile or other electronic copy shall be deemed an original signature for purposes of this Stipulation.

13. This Stipulation shall be binding upon and inure to the benefit of the Parties and each of their successors, assigns, trustees, estates and predecessors in interest.

14. Each Party hereby expressly consents to the exclusive jurisdiction of the Court with respect to all matters arising from or relating to the interpretation, implementation, and enforcement of this Stipulation and the Approval Order.

15. Each natural person signing this Stipulation represents and warrants that he or she has all necessary authorization to act on behalf of the Party for which he or she has executed this Stipulation.

[*Signatures Follow*]

Dated: January 20, 2022

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP** | **DUANE MORRIS LLP** |
| */s/ Timothy P. Cairns* | */s/ Drew S. McGehrin* |
| Laura Davis Jones (Bar No. 2436) | Drew S. McGehrin (DE 6508) |
| Timothy P. Cairns (Bar No. 4228) | 1201 North Market Street, Suite 501 |
| 919 North Market Street, 17th Floor | Wilmington, DE 19801 |
| P.O. Box 8705 | Phone: (302) 657-4900 |
| Wilmington, Delaware 19899 (Courier 19801) | Fax: (303) 657-4901 |
| Telephone: (302) 652-4100 | E-mail: DSMcGehrin@duanemorris.com |
| Facsimile: (302) 652-4400 | |
| Email:  ljones@pszjlaw.com | and |
|            tcairns@pszjlaw.com | |
| | Wendy M. Simkulak, Esq. |
| -and- | 30 South 17th Street |
| | Philadelphia, PA 19103 |
| **GIBSON, DUNN & CRUTCHER LLP** | Phone: (215) 979-1000 |
| Scott J. Greenberg (admitted *pro hac vice*) | Fax: (215) 979-1020 |
| Joshua K. Brody (admitted *pro hac vice*) | Email: WMSimkulak@duanemorris.com |
| Jason Zachary Goldstein (admitted *pro hac vice*) | |
| 200 Park Avenue | *Counsel for the Chubb Companies* |
| New York, New York 10166 | |
| Telephone:   (212) 351-4000 | |
| Facsimile:    (212) 351-4035 | |
| Email:  sgreenberg@gibsondunn.com | |
|            jbrody@gibsondunn.com | |
|            jgoldstein@gibsondunn.com | |
| | |
| *Counsel to the Debtors and Debtors in Possession* | |