IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> SEQUENTIAL BRANDS GROUP, INC. *et al.,* <br><br> Debtors. | Chapter 11 <br><br> Case No. 21-11194 (JTD) <br><br> (Jointly Administered) <br><br> **Hearing Date: TBD** <br> **Objection Deadline: March 25, 2022** |

**MOTION OF BEN ARIE**
**FOR RELIEF FORM THE PLAN INJUNCTION**

Ben Arie ("Mr. Arie" or "Movant"), by and through the undersigned counsel, respectfully submits the following Motion for Relief from the Plan Injunction (the "Motion"), seeking an order from the Court modifying the injunction set forth in the above-captioned debtors' (the "Debtors") *First Amended Joint Chapter 11 Plan of Liquidation of Sequential Brands Group, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ] (the "Plan") to allow Mr. Arie to prosecute a personal injury action currently pending in the Supreme Court of New York County of Queens against debtor Sequential Brands Group, Inc. any other responsible parties. In support of the Motion, Mr. Arie respectfully states as follows:

**Jurisdiction**

1.     This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are 11 U.S.C. §§ 362(d)(1) and 362(d)(2) of the Bankruptcy Code and Bankruptcy Rule 4001.

1

**Background**

2. On August 31, 2021, (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

3. On January 3, 2022, the Debtors filed their *First Amended Joint Chapter 11 Plan of Liquidation of Sequential Brands Group, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. No. 380] (the "Plan"). On February 22, 2022, this Court entered its *Findings of Fact, Conclusions of Law and Order Confirming the First Amended Joint Chapter 11 Plan of Liquidation of Sequential Brands Group, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 486] (the "Confirmation Order").

4. Article VIII (D) of the Plan provides:

> All Parties and Entities are permanently enjoined, on and after the Effective Date, on account of any Claim, Cause of Action or Interest, from taking any of the following actions against, as applicable, any Estate, any Released Party, the Liquidating Trust, the Liquidating Trustee, their respective successors and assigns, and any of their respective assets and properties: (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Causes of Action or Interests, (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against the Released Parties (other than the Debtors) on account of or in connection with or with respect to any such Claims, Causes of Action or Interests, (iii) creating, perfecting, or enforcing any encumbrance of any kind against the Released Parties (other than the Debtors), or their respective property or the estates of such Entities on account of or in connection with or with respect to any such Claims, Causes of Action or Interests, (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from the Released Parties (other than the Debtors) or against their respective property or estates on account of or in connection with or with respect to any such Claims, Causes of Action or Interests unless such Entity has timely asserted such setoff right before Confirmation in a Proof of Claim or document Filed with the Bankruptcy Court explicitly preserving such setoff, and notwithstanding an indication of a Claim, Cause of Action or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of

      setoff pursuant to applicable law or otherwise, and (v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Causes of Action or Interests released or settled pursuant to the Plan. Notwithstanding the foregoing, or any of the releases, discharges, injunctions or waivers set forth herein, nothing in the Plan or the Confirmation Order shall modify the rights, if any, of any counterparty to an unexpired lease of nonresidential real property to assert any right of setoff or recoupment that such counterparty may have under applicable bankruptcy or non-bankruptcy law, including, but not limited to, the ability, if any, of such counterparties to setoff or recoup a security deposit held pursuant to the terms of their unexpired lease with the Debtors or the Liquidating Trust.

Plan, Art. VIII (D).

    5.      Prior to the Petition Date, debtor Sequential Brands, or its predecessor in interest, manufactured, marketed, supplied, distributed and/or sold exercise equipment, including but not limited to rubber resistance bands (the "Resistance Bands").

    6.      Prior to the Petition Date, on or about January 31, 2018, Mr. Arie was exercising with the Debtors' Resistance Bands in a reasonable, prudent, careful, appropriate and foreseeable manner when that product suddenly and unexpectedly failed, striking him in the eyes and face.

    7.      As a result of this accident, Mr. Arie suffered serious, disabling and permanent injuries, including but not limited to eye damage that required surgery, permanent vision problems, headaches, nausea and a slew of related injuries.

    8.      As a result of the injuries sustained by Mr. Arie, caused by *inter alia*, the Debtors' negligence, on March 24, 2021, Mr. Arie filed a complaint in the Supreme Court of New York County of Queens, Index No. 706856-2021 against debtor Sequential Brands (the "State Court Action").

9. The filing, prosecution and liquidation of Mr. Arie's claims against debtor Sequential Brands have been delayed as a consequence of the Debtors' chapter 11 filings, the automatic stay provisions set forth in 11 U.S.C. §362(a) and the Plan Injunction.

10. Upon information and belief, the Debtors are required to and are in fact covered by insurance policies applicable to Mr. Arie's claims.

## Relief Requested

11. Through this Motion, Mr. Arie seeks the entry of an order granting relief from the Plan Injunction set forth in Article VIII (D) of the Plan so that he may prosecute his claims to judgment in the State Court Action and satisfy any award or other resolution he may obtain against the Debtors, the Debtors' applicable insurance policies and any other responsible individual or entity.

12. Pursuant to Section 362(d) of the Bankruptcy Code, the automatic stay may be lifted for cause. The same principles a court uses to determine "cause" in a request for relief from the automatic stay apply to a request for modification of the plan injunction. *See In re Worldcom, Inc.*, 2007 WL 841948, at *5 (Bankr. S.D.N.Y. 2007). Accordingly, section 362(d) analysis applies to the present case.

13. Section 362(d) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay… (1) for cause, including the lack of adequate protection of an interest in property for such party interest.

11 U.S.C. §362(d)(1). The term "cause" is not defined in the Code, but rather must be determined on a case-by-case basis. *In re Rexene Prods. Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992) (internal citations and quotations omitted). "Cause is a flexible concept and courts often

examine the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.,* 395 B.R. 852, 856 (Bankr. D. Del. 2007).

14. At a hearing for relief from automatic stay under Section 362(d), the party opposing stay relief bears the burden of proof on all issues with the exception of the debtors' equity in property. *See In re Domestic Fuel Corp.,* 70 B.R. 455, 462-463 (Bankr. S.D.N.Y. 1987); 11 U.S.C. §362(g). If a creditor seeking relief from the automatic say makes a *prima facie* case of "cause" for lifting the stay, the burden of going forward shifts to the trustee pursuant to Bankruptcy Code Section 362(g). *See In re 234-6 West 22nd Street Corp.*, 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

15. Courts often follow the logic of the intent behind §362(d) which is that it is most often appropriate to allow litigation to proceed in a non-bankruptcy forum, if there is no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.,* 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of §362(d)) (internal citations omitted).

16. Courts in this District rely upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation:

(1) Whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;

(2) Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and

(3) The creditor's probability of success on the merits.

*See In re Tribune Co.,* 418 B.R. at 126.

17. Here, the facts weigh in Mr. Arie's favor on each of these three prongs. First, the Debtors will not suffer prejudice should the Plan Injunction be lifted because Mr. Arie's claims

must eventually be liquidated before he can recover from the bankruptcy estate. Further, because his claims involve personal injury, they must be liquidated in a forum outside the Bankruptcy Court. 11 U.S.C. §157(b)(5) ("personal injury tort…claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claims arose…"). Furthermore, Mr. Arie has demanded and is entitled to a jury trial in the State Court Action and a jury trial is not available in this Court.

18. Upon information and belief, the Debtors' liability in this matter is covered by insurance policies. As such, any recovery by Mr. Arie will not affect the Debtors' estates. *See In re 15375 Memorial Corp.,* 382 B.R. 652, 687 (Bankr. D. Del. 2008), *rev'd on other grounds,* 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate" (quoting *In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993)); *see also In re Allied Digital Tech Corp.,* 306 B.R. 505, 510 (Bankr. D. Del 2004) (ownership by a bankruptcy estate is not necessarily determinative of the ownership of the proceeds of that policy. "[W]hen the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." *In re Edgeworth,* 993 F.2d 51, 55-56 (5th Cir. 1993).

19. Second, Mr. Arie will face substantial hardship if the Plan Injunction is not lifted. Mr. Arie suffered serious injuries and has incurred significant medical expenses as a result of, *inter alia*, the Debtors' negligence. He will be prejudiced by the continued delay resulting from the Plan Injunction due to the possibility of witnesses moving to unknown locations, witnesses who may pass away and the memory of events becoming less clear. Further, Mr. Arie is a resident of the State of New York and the events which form the basis of his claims occurred exclusively in New York. If Mr. Arie is forced to litigate his claims in Delaware, he would incur the increased expense

of bringing attorneys, witnesses, and physical evidence to Delaware. "[O]ne of the primary purposes in granting relief from the stay to permit claim liquidation is to conserve economic judicial resources." *In re Peterson,* 116 B.R. 247, 250 (D. Colo. 1990). Here, judicial economy would be served by lifting the Plan Injunction and allowing Mr. Arie's claims to be liquidated in the forum where they are presently postured to be adjudicated quickly.

20. The Debtors will not suffer any hardship if Mr. Arie's claims in the State Court Action are allowed to proceed. His claims are personal injury claims which do not present any factual or legal issues which will impact or distract the Debtors from their reorganization or liquidation process. Indeed, the Plan has already been confirmed and has gone effective in these cases.

21. Lastly, the likelihood of success on the merits prong is satisfied by "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re Continental Airlines, Inc.,* 152 B.R. 420, 426 (D. Del. 1993). This prong also weighs in Mr. Arie's favor. The facts regarding the Debtors' negligence set forth in the State Court Action speak for themselves. No defenses, much less strong defenses, appear to exist here. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where…the decision-making process should be relegated to bodies other than [the bankruptcy] court." *In re Fonseca v. Philadelphia Housing Authority,* 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990).

22. When weighing the above factors, the Court should lift the automatic stay to permit Mr. Arie to prosecute his claims against the Debtors and any other responsible individual or entity to judgment in the State Court Action and satisfy any award or other resolution they may obtain

against the Debtors, the Debtors' applicable insurance policies and any other individuals or entities that are responsible for the injuries sustained.

23.     For the above stated reasons, Mr. Arie asserts that cause exists to lift or modify the Plan Injunction.

WHEREFORE, Mr. Arie respectfully requests that this Court enter an Order modifying the Plan Injunction to allow him to proceed with the State Court Action to judgment, against the Debtors, the Debtors' applicable insurance policies and any other responsible individual or entity.

Dated: March 10, 2022
Wilmington, DE

/s/ *Michael J. Joyce*
Michael J. Joyce (No. 4563)
**JOYCE, LLC**
1225 King Street
Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

*Counsel for Ben Arie*