**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SEQUENTIAL BRANDS GROUP, INC.,[1] | ) Case No. 21-11194 (JTD) |
| | ) |
| Debtor. | ) (Jointly Administered) |
| | ) |

**Hearing Date:  To Be Scheduled If Necessary**
**Objection Deadline:  July 10, 2025 at 4:00 p.m. (prevailing Eastern Time)**

**LIQUIDATING TRUSTEE'S MOTION FOR**
**FURTHER ENLARGEMENT OF THE PERIOD TO REMOVE ACTIONS**

Drivetrain LLC, in its capacity as trustee of the liquidating trust (the "Liquidating Trustee") for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), files this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, further enlarging the period (the "Removal Period") within which the Liquidating Trustee may remove claims or causes of action (collectively, the "Actions") pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") through and including **December 31, 2025**, without prejudice to the rights of the Liquidating Trustee to request additional extensions.  The last day of the Removal Period is currently June 30, 2025.  In support of this Motion, the Liquidating Trustee respectfully states as follows:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Sequential Brands Group, Inc. (2789), SQBG, Inc. (9546), Sequential Licensing, Inc. (7108), William Rast Licensing, LLC (4304), Heeling Sports Limited (0479), Brand Matter, LLC (1258), SBG FM, LLC (8013), Galaxy Brands LLC (9583), The Basketball Marketing Company, Inc. (7003), American Sporting Goods Corporation (1696), LNT Brands LLC (3923), Joe's Holdings LLC (3085), Gaiam Brand Holdco, LLC (1581), Gaiam Americas, Inc. (8894), SBG-Gaiam Holdings, LLC (8923), SBG Universe Brands, LLC (4322), and GBT Promotions LLC (7003). The mailing address for each Debtor is 105 E. 34th Street, #249, New York, NY 10016. On September 26, 2022, 2022, the Court entered an order [Docket No. 646] closing the chapter 11 cases of the Debtors other than Case No. 21-11194 (JTD), *Sequential Brands Group, Inc.*

**Jurisdiction and Venue**

1.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and Article XI of the *First Amended Joint Plan of Liquidation of Sequential Brands Group, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (together with all exhibits thereto, and as may be amended, modified, or supplemented, the "Plan").  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Liquidating Trustee consents, pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are section 1452 of title 28 of the United States Code, Bankruptcy Rules 9006 and 9027, and Local Rule 9006-2.

**Background**

4.      On August 31, 2021 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or committee has been appointed in the Debtors' chapter 11 cases.

5.      The factual background regarding the Debtors, including their historical business operations and the events precipitating their chapter 11 filings, is set forth in detail in the *Declaration of Lorraine DiSanto in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 3] (the "First Day Declaration"), which is fully incorporated herein by reference.[2]

6.      On October 4, 2021, the Court entered an order [Docket No. 162] (the "Bar Date Order") establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim ("Proofs of Claim"), including claims by governmental units, claims arising under section 503(b)(9) of the Bankruptcy Code, Rejection Damages Claims, and requests for payment of certain Administrative Claims.

7.      On November 3, 2021, the Court entered four orders approving the sale of substantially all of the Debtors' assets (the "Sale Transactions") to Gainline Galaxy Holdings LLC, Centric Brands, LLC, With You Inc., and JJWHP, LLC ("collectively, the "Buyers").  The Sale Transactions with the Buyers were consummated on November 9, 2021 and November 12, 2021.

8.      On February 22, 2022, the Court entered an order [Docket No. 486] (the "Confirmation Order"), confirming the Plan [Docket No. 380] attached as Exhibit A to the Confirmation Order.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

9.      The Confirmation Order appointed Drivetrain LLC as the Liquidating Trustee of the SBGI Liquidating Trust as of the Effective Date, which occurred on March 3, 2022.

10.     Pursuant to Bankruptcy Rule 9027(a)(2), the last day of the Removal Period was initially 90 days after the Petition Date, or November 29, 2021.

11.     The Liquidating Trustee has previously obtained orders to enlarge the Removal Period.  Most recently, on December 31, 2024, the Liquidating Trustee filed the *Liquidating Trustee's Motion for Further Enlargement of the Period Within Which it May Remove Actions* [Docket No. 725].  On January 29, 2025, the Court entered an Order [Docket No. 733] granting the motion and enlarging the Removal Period through and including June 30, 2025, without prejudice to the rights of the Liquidating Trustee to request further extensions.

### The Actions

12.     The Debtors are involved in Actions in a number of jurisdictions, and the Actions involve a variety of types of cases.  The Liquidating Trustee continues to evaluate whether to remove any of these Actions pursuant to its duty to wind down the Debtors' estates.

13.     On October 19, 2021, each of the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "Schedules").  As part of the Schedules, the Debtors identified the Actions of which the Debtors are currently aware.

14.     The Liquidating Trustee may become aware of Actions in connection with proofs of claim that are filed in these chapter 11 cases, and the Liquidating Trustee has not yet had a chance to review all filed proofs of claim in these chapter 11 cases.

15.     The Liquidating Trustee is analyzing the Actions, as well as any filed proofs of claim, to determine whether the Liquidating Trustee will seek to remove any Actions.

The Liquidating Trustee is not yet prepared to decide which Actions, if any, it will seek to remove.

**Relief Requested**

16.     By this Motion, the Liquidating Trustee respectfully requests entry of the Proposed Order:  (a) enlarging the Removal Period through and including **December 31, 2025**, without prejudice to the rights of the Liquidating Trustee to request further extensions of the Removal Period; and (b) granting related relief.[3]

**Basis for Relief**

17.     Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of pending civil actions related to chapter 11 cases.  Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

18.     Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action.  Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause

---

[3]     Pursuant to Local Rule 9006–2, since this Motion was filed before the expiration of the Removal Period, the time is automatically extended until the Court acts on the Motion.

> of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).  Bankruptcy Rule 9027(a)(3) also provides:

> If a claim or cause of action is asserted in another court after the commencement of a case under the [Bankruptcy] Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

19.    Bankruptcy Rule 9006 permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027.  Specifically, Bankruptcy Rule 9006(b)(1) provides, in pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

20.    It is well-settled that the Court is authorized to enlarge the Removal Period.  *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (holding that the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995); *Caperton v. A.T. Massey Coal Co.*, 251 B.R. 322, 325 (S.D. W. Va. 2000) (stating that Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48,

50 (Bankr. S.D.N.Y. 1989) (finding that the period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (finding that the United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (finding that an expansion of time to file notices of removal is authorized under the Bankruptcy Rules).

21.    Absent the relief requested herein, the Removal Period will expire on June 30, 2025.  The Liquidating Trustee's decision regarding whether to seek removal of any particular Action depends on a number of factors, including:  (a) the importance of the Action to the expeditious resolution of these cases; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and matters to be addressed in connection with the Plan and the wind-down process; and (e) the progress made to date in the Action.  To make the appropriate determination, the Liquidating Trustee must analyze each Action in light of such factors.

22.    To date, the Liquidating Trustee has not yet determined conclusively whether any Actions require removal.  The Liquidating Trustee continues to evaluate each of the Actions and expects to make the appropriate determinations concerning their removal.  The Liquidating Trustee's efforts to evaluate claims filed against the Debtors is ongoing.  The Liquidating Trustee has not yet made any final determination whether any of the claims identify additional Actions that may need to be removed.

23.     The Liquidating Trustee believes the extension requested herein will provide time to make well-informed decisions concerning the removal of any potential Actions and will ensure that the estates' rights provided by 28 U.S.C. § 1452 can be exercised in an appropriate manner.  Alternately, if such an extension is not granted, the Liquidating Trustee believes it may not uncover and evaluate properly the removal of any potential Action for the benefit of the estates.  The rights of parties to the potential Actions will not be unduly prejudiced by the Liquidating Trustee's requested extension of the Removal Period.  If the Liquidating Trustee ultimately seeks to remove Actions pursuant to Bankruptcy Rule 9027, parties will retain their rights to have such Actions remanded pursuant to 28 U.S.C. § 1452(b).  Accordingly, the Liquidating Trustee submits that cause exists for the relief requested herein.

24.     Courts in this district have regularly granted the relief requested herein in other chapter 11 cases.  *See, e.g.*, *In re Bluestem Brands, Inc.*, No. 20-10566 (Bankr. D. Del. June 23, 2020) (granting a 120-day extension, without prejudice to the debtors' ability to seek further extensions); *In re Blackhawk Mining LLC*, No. 19-11595 (LSS) (Bankr. D. Del. Feb. 3, 2020) (granting a further 90-day extension, for a total extension of 180 days, without prejudice to the debtors' ability to seek further extensions); *In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Jan. 16, 2020) (granting a 120-day extension without prejudice to the debtors' ability to seek further extensions); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Jan. 15, 2020) (same).  The extension requested herein is consistent with the extensions granted by courts in this District under similar circumstances.  Accordingly, the Liquidating Trustee submits that the requested extension is reasonable.

## Notice

25.     The Liquidating Trustee will serve copies of this Motion on: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to Bank of America N.A., as administrative and collateral agent under the BoA Credit Agreement; (c) counsel to Wilmington Trust, N.A.; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Liquidating Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, for the reasons set forth herein, the Liquidating Trustee respectfully requests that the Court enter the order, substantially in the form attached hereto as **Exhibit A**:  (a) enlarging the period within which the Liquidating Trustee may remove Actions through and including **December 31, 2025**, without prejudice to the Liquidating Trustee's rights to request further extensions; and (b) granting such other and further relief as the Court deems just and proper.

Dated:  June 26, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: ljones@pszjlaw.com
              tcairns@pszjlaw.com

*Counsel to the Liquidating Trustee*