IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| SEQUENTIAL BRANDS GROUP, INC.,[1] | ) Case No. 21-11194 (JTD) |
| Debtor. | ) (Jointly Administered) |

Hearing Date: To Be Scheduled If Necessary
Objection Deadline: July 10, 2025 at 4:00 p.m. (prevailing Eastern Time)

**MOTION FOR FURTHER EXTENSION OF DEADLINE TO OBJECT TO CLAIMS**

Drivetrain LLC, in its capacity as trustee of the liquidating trust (the "Liquidating Trustee") for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby moves this Court (the "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), further extending the time period to file and serve objections to claims (the "Claims Objection Deadline") through and including **December 31, 2025**, without prejudice to the rights of the Liquidating Trustee to seek additional extensions. The current deadline to object to claims is June 30, 2025. In support of the Motion, the Liquidating Trustee respectfully represents as follows:

**Jurisdiction and Venue**

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Sequential Brands Group, Inc. (2789), SQBG, Inc. (9546), Sequential Licensing, Inc. (7108), William Rast Licensing, LLC (4304), Heeling Sports Limited (0479), Brand Matter, LLC (1258), SBG FM, LLC (8013), Galaxy Brands LLC (9583), The Basketball Marketing Company, Inc. (7003), American Sporting Goods Corporation (1696), LNT Brands LLC (3923), Joe's Holdings LLC (3085), Gaiam Brand Holdco, LLC (1581), Gaiam Americas, Inc. (8894), SBG-Gaiam Holdings, LLC (8923), SBG Universe Brands, LLC (4322), and GBT Promotions LLC (7003). The mailing address for each Debtor is 105 E. 34th Street, #249, New York, NY 10016. On September 26, 2022, the Court entered an order [Docket No. 646] closing the chapter 11 cases of the Debtors other than Case No. 21-11194 (JTD), *Sequential Brands Group, Inc.*

Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and Article XI of the *First Amended Joint Plan of Liquidation of Sequential Brands Group, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (together with all exhibits thereto, and as may be amended, modified, or supplemented, the "Plan").  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Liquidating Trustee consents, pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9006–2.

**Background**

4. On August 31, 2021 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or committee has been appointed in the Debtors' chapter 11 cases.

5. The factual background regarding the Debtors, including their historical business operations and the events precipitating their chapter 11 filings, is set forth in detail in the

*Declaration of Lorraine DiSanto in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 3] (the "First Day Declaration"), which is fully incorporated herein by reference.[2]

6. On October 4, 2021, the Court entered an order [Docket No. 162] (the "Bar Date Order") establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim ("Proofs of Claim"), including claims by governmental units, claims arising under section 503(b)(9) of the Bankruptcy Code, Rejection Damages Claims, and requests for payment of certain Administrative Claims.

7. On November 3, 2021, the Court entered four orders approving the sale of substantially all of the Debtors' assets (the "Sale Transactions") to Gainline Galaxy Holdings LLC, Centric Brands, LLC, With You Inc., and JJWHP, LLC ("collectively, the "Buyers"). The Sale Transactions with the Buyers were consummated on November 9, 2021 and November 12, 2021.

8. On February 22, 2022, the Court entered an order [Docket No. 486] (the "Confirmation Order"), confirming the Plan [Docket No. 380] attached as Exhibit A to the Confirmation Order.

9. The Confirmation Order appointed Drivetrain LLC as the Liquidating Trustee of the SBGI Liquidating Trust as of the Effective Date, which occurred on March 3, 2022.

10. Pursuant to the Plan, the Claims Objection Deadline was initially "180 days after the Effective Date, subject to extension as set forth in Section V.L. of the Plan." (Plan at Art. I.A.24.) Accordingly, the Claims Objection Deadline was initially August 30, 2022.

11. The Liquidating Trustee has previously obtained orders to extend the Claims Objection Deadline. Most recently, on December 31, 2024, the Liquidating Trustee filed

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

the *Motion for Further Extension of Deadline to Object to Claims* [Docket No. 726]. On January 29, 2025, the Court entered an Order [Docket No. 734] granting the motion and extending the Claims Objection Deadline to June 30, 2025, without prejudice to the rights of the Liquidating Trustee to request further extensions of the Claims Objection Deadline.

12. As of the date hereof, the Liquidating Trustee is conducting a claims reconciliation process that includes identifying particular categories of claims that may be targeted for disallowance and expungement, reduction and allowance, or reclassification and allowance. In connection therewith, the Liquidating Trustee may file omnibus objections to administrative and priority claims.

13. The Liquidating Trustee has continued to engage in the claims reconciliation process in the time since the previous extension of the Claims Objection Deadline. The Liquidating Trustee seeks more time to complete its final review of the claims, complete and document any resolution, wind down the claims reconciliation process, and, if necessary, oppose formally any claims not otherwise consensually resolved.

## Relief Requested

14. By this Motion, the Liquidating Trustee respectfully requests entry of the Proposed Order: (a) extending the Claims Objection Deadline by approximately 180 days, through and including **December 31, 2025**, without prejudice to the rights of the Liquidating Trustee to request further extensions of the Claims Objection Deadline to the extent provided by the Plan; and (b) granting related relief.[3]

---

[3] Pursuant to Local Rule 9006–2, since this Motion was filed before the expiration of the Claims Objection Deadline, the time is automatically extended until the Court acts on the Motion.

**Basis for Relief**

15. Section 105(a) of the Bankruptcy Code provides that the Court may "issue any order . . . necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Moreover, Bankruptcy Rule 9006(b) provides, in relevant part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may . . . order the period enlarged . . . .

Fed. R. Bankr. P. 9006(b).

16. Cause exists to extend the Claims Objection Deadline as requested herein because claims are still under review by the Liquidating Trustee.

17. The Liquidating Trustee has analyzed and, in many cases, resolved or deemed satisfied the proofs of claim filed against the Debtors in these cases. The Liquidating Trustee's review and reconciliation process is still ongoing, and the Liquidating Trustee wishes to pursue claim objections in a cost-efficient manner. This requires further efforts at informal resolution to minimize the administrative expenses associated with pursuing formal objections to claims. Consequently, the Liquidating Trustee requests additional time to engage in a process of further review, reconciliation, and settlement discussions to minimize the number of claims that will be the subject of any formal objections.

18. Accordingly, the Liquidating Trustee requests an extension of the Claims Objection Deadline through and including December 31, 2025.

**Notice**

19. The Liquidating Trustee will serve copies of this Motion on: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to Bank of America N.A., as administrative and collateral agent under the BoA Credit Agreement; (c) counsel to Wilmington

Trust, N.A.; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Liquidating Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter the Proposed Order:  (a) granting the Motion; (b) extending the deadline by which the Liquidating Trustee may file any objections to claims through and including December 31, 2025, without prejudice to the Liquidating Trustee's rights to request further extensions; and (c) granting such other and further relief as the Court deems just and proper.

Dated:  June 26, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: ljones@pszjlaw.com
        tcairns@pszjlaw.com

*Counsel to the Liquidating Trustee*