# <u>EXHIBIT A</u>

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SEQUENTIAL BRANDS GROUP, INC.,[1] | ) | Case No. 21-11194 (MFW) |
| Debtor. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. ____** |

**ORDER SUSTAINING SECOND OMNIBUS OBJECTION (SUBSTANTIVE) OF THE LIQUIDATING TRUSTEE TO CERTAIN: (A) REDUCE AND ALLOW CLAIMS; (B) RECLASSIFY CLAIMS; AND (C) NO LIABILITY CLAIMS**

Upon consideration of the *Second Omnibus Objection (Substantive) of the Liquidating Trustee to Certain: (A) Reduce and Allow Claims; (B) Reclassify Claims; and (C) No Liability Claims* (the "Second Omnibus Objection")[2] in the above-captioned Chapter 11 Cases, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order modifying certain proofs of claim, all as more fully set forth in the Second Omnibus Objection; and the Court having considered the Declaration in support thereof; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Sequential Brands Group, Inc. (2789), SQBG, Inc. (9546), Sequential Licensing, Inc. (7108), William Rast Licensing, LLC (4304), Heeling Sports Limited (0479), Brand Matter, LLC (1258), SBG FM, LLC (8013), Galaxy Brands LLC (9583), The Basketball Marketing Company, Inc. (7003), American Sporting Goods Corporation (1696), LNT Brands LLC (3923), Joe's Holdings LLC (3085), Gaiam Brand Holdco, LLC (1581), Gaiam Americas, Inc. (8894), SBG-Gaiam Holdings, LLC (8923), SBG Universe Brands, LLC (4322), and GBT Promotions LLC (7003). The mailing address for each Debtor is 105 E. 34th Street, #249, New York, NY 10016. On September 26, 2022, 2022, the Court entered an order [Docket No. 646] closing the chapter 11 cases of the Debtors other than Case No. 21-11194 (JTD), *Sequential Brands Group, Inc.*

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Second Omnibus Objection.

28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court also having jurisdiction over this matter pursuant to Article XII of the Plan; and consideration of the Second Omnibus Objection and the requested relief being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Second Omnibus Objection having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed the Second Omnibus Objection; and the Court having determined that the legal and factual bases set forth in the Second Omnibus Objection establish just cause for the relief granted herein; and it appearing that the relief requested in the Second Omnibus Objection is in the best interests of the Debtors' estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Second Omnibus Objection is granted as provided herein. Any response to the Second Omnibus Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled.

2. The official claims register in the Chapter 11 Cases shall be modified in accordance with this Order.

3. Pursuant to sections 501 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, each Reduce and Allow Claim listed on **Schedule 1** annexed hereto is reduced and allowed in the amount stated on **Schedule 1**.

4. Each of the claims identified on **Schedule 2** attached hereto is reclassified as a general unsecured claim. The reclassified claims identified on **Schedule 2** attached hereto shall

remain on the claims register, subject to the Debtors' or other party-in-interest's further objections on any substantive or non-substantive grounds.

5. Each of the claims identified on **Schedule 3** attached hereto is disallowed in its entirety.

6. The Liquidating Trustee's right to amend, modify, or supplement the Second Omnibus Objection, to file additional objections to any other claims (filed or not) that may be asserted, and to seek further reduction of any claim to the extent such claim has been paid, or for any other reason, are reserved and preserved.

7. All rights of the Liquidating Trustee to object to any claim at a later date, including the claims that are the subject of this Second Omnibus Objection, on any basis whatsoever, substantively or non-substantively, are reserved and preserved.

8. The Liquidating Trustee further reserves all rights to use any available defenses under section 502 of the Bankruptcy Code, or otherwise, to set off, or recoup against, or otherwise reduce all or any part of any claim. Further, any and all affirmative claims are specifically reserved and preserved and are not adversely affected by this Order.

9. Each of the claims and the objections by the Liquidating Trustee to such claims, as set forth on **Schedules 1, 2, and 3** attached hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate Order with respect to each such claim. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters listed in the Second Omnibus Objection or this Order.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order and to seek additional relief as is necessary in the future.

12. The Clerk of the Court is authorized to take all steps necessary or appropriate to carry out this Order.

13. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

# SCHEDULE 1

## Reduce and Allow Claims

# Reduce and Allow Claims
# Sequential Brands Group, Inc., et al.
# Case No.: 21-11194

| | Creditor Name and Address | Claim Filed Date | Claim No. | Debtor Name | Claim Amount | Claim Type | Reduced Claim Amount | | Reason for Allowed Amount |
|---|---|---|---|---|---|---|---|---|---|
| 1 | NYC Department of Finance<br>Attn: Bankruptcy Unit<br>Tax, Audit & Enforcement Divisio<br>375 Pearl Street<br>New York, NY 10038 | 11/2/2021 | 67 | Sequential Brands Group, Inc. | $67,690.75 | Priority Claim | $56,515.77 | | Claim amount is for unpaid Corporation Tax and Commercial Rent. Documentation provided shows amount of claim to be lower than Claim Amount states. Claim is to be reduced and allowed in the lower amount. |

# SCHEDULE 2

## Reclassify Claims

**Reclassified Claims**
**Sequential Brands Group, Inc., et al.**
**Case No.: 21-11194**

| | Creditor Name and Address | Claim Filed Date | Claim No. | Debtor Name | Claim Amount | Claim Type | Reclassified Claim | | Reason for Reclassification |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Chatham Hedging Advisors, LLC<br>235 Whitehorse Lane<br>Kennett Square, PA 19348 | 10/25/2021 | 16 | Sequential Brands Group, Inc. | $18,750.00 | Admin Priority | General Unsecured | | Claimant asserts the Claim is entitled to administrative expenses status under 11 U.S.C. § 507(a)(2). Claim is not entitled to administrative expenses under 11 U.S.C. § 507(a)(2) as the expenses occurred was pre-petition and was not a necessary cost of preserving the estate under 11 U.S.C. § 503(b). As such, the Claim should be allowed as a general unsecured claim in the full amount. |
| 2 | Entourage Model and Talent<br>Attn: Cindy Twedt<br>100 Congress Ave., Suite 2000<br>Austin, TX 78701 | 11/30/2021 | 84 | Sequential Licensing, Inc. | $500.00 | Priority | General Unsecured | | Claimant asserts the Claim is entitled to priority of payment pursuant to 11 U.S.C. § 507(a)(4). Claim is not entitled to priority under section 507(a)(4) as it was not incurred within 180 days of the Petition Date. As such, the Claim should be allowed as a general unsecured claim in the full amount. |
| 3 | Michael Mankowski<br>359 Ortega Ridge Road<br>Santa Barbara, CA 93108 | 10/25/2021 | 15 | Sequential Brands Group, Inc. | $27,045.99 | Priority | General Unsecured | | Claimant asserts the Claim is entitled to priority of payment pursuant to 11 U.S.C. § 507(a)(4). Claim is not entitled to priority under section 507(a)(4) as it was not incurred within 180 days of the Petition Date. As such, the Claim should be allowed as a general unsecured claim in the full amount. |

# <u>SCHEDULE 3</u>

## No Liability Claims

# No Liability Claims
# Sequential Brands Group, Inc., et al.
# Case No.: 21-11194

| | Creditor Name and Address | Claim Filed Date | Claim to Disallow | Debtor Name | Claim Amount | Claim Type | | Basis for Claim Objection |
|---|---|---|---|---|---|---|---|---|
| 1 | NJ Division of Taxation<br>Attn: Erica Hamlin<br>P.O. Box 245<br>Trenton, NJ 08695 | 10/15/2021 | 13 | American Sporting Goods Corp. | $75,000.00 | Priority | | Drivetrain and its retained professionals have determined that New Jersey's assessment of employee taxes for periods between January 2014 and June 2021 have no merit. Specifically, based on reasonable due diligence with respect to operations and employees, Drivetrain concluded that American Sporting Goods Corp. had no employees or offices in New Jersey during the periods alleged in the Claim. Therefore, the claim should be disallowed and expunged in its entirety. |
| 2 | NJ Division of Taxation<br>Attn: Erica Hamlin<br>P.O. Box 245<br>Trenton, NJ 08695 | 10/15/2021 | 14 | Galaxy Brands, LLC | $77,500.00 | Priority | | Drivetrain and its retained professionals have determined that New Jersey's assessment of employee taxes for periods between October 2013 and June 2021 have no merit. Specifically, based on reasonable due diligence with respect to operations and employees, Drivetrain concluded that Galaxy Brands, LLC had no employees or offices in New Jersey during the periods alleged in the Claim. Therefore, the claim should be disallowed and expunged in its entirety. |
| 3 | State of New Jersey<br>Division of Taxation<br>3 John Fitch Way, 5th Fl.<br>P.O. Box 245<br>Trenton, NJ 08695 | 4/13/2023 | 127 | Sequential Brands Group, Inc. | $12,500.00 | Priority | | Drivetrain and its retained professionals have determined that New Jersey's assessment of employee taxes for periods between April 2020 and June 2021 have no merit. Specifically, based on reasonable due diligence with respect to operations and employees, Drivetrain concluded that Sequential Brands Group, Inc. had no employees or offices in New Jersey during the periods alleged in the Claim. Therefore, the claim should be disallowed and expunged in its entirety. |

# <u>EXHIBIT B</u>

## Declaration

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SEQUENTIAL BRANDS GROUP, INC.,[1] | ) | Case No. 21-11194 (MFW) |
| Debtor. | ) | (Jointly Administered) |

**DECLARATION OF THOMAS G. FITZGERALD IN SUPPORT OF SECOND OMNIBUS OBJECTION (SUBSTANTIVE) OF THE LIQUIDATING TRUSTEE TO CERTAIN: (A) REDUCE AND ALLOW CLAIMS; (B) RECLASSIFY CLAIMS; AND (C) NO LIABILITY CLAIMS**

Thomas G. FitzGerald makes this Declaration pursuant to 28 U.S.C. § 1746:

1. I am an authorized signatory of Drivetrain LLC, the Liquidating Trustee of the SBGI Liquidating Trust, created pursuant to the *First Amended Joint Plan of Liquidation of Sequential Brands Group, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 380] (together with all exhibits thereto, and as may be amended, modified, or supplemented, the "Plan").[2] I am generally familiar with the business and financial affairs of the above-captioned debtors and debtors in possession (the "Debtors" or the "Company"), as well as the Debtors' books and records. I am above 18 years of age and competent to testify.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Sequential Brands Group, Inc. (2789), SQBG, Inc. (9546), Sequential Licensing, Inc. (7108), William Rast Licensing, LLC (4304), Heeling Sports Limited (0479), Brand Matter, LLC (1258), SBG FM, LLC (8013), Galaxy Brands LLC (9583), The Basketball Marketing Company, Inc. (7003), American Sporting Goods Corporation (1696), LNT Brands LLC (3923), Joe's Holdings LLC (3085), Gaiam Brand Holdco, LLC (1581), Gaiam Americas, Inc. (8894), SBG-Gaiam Holdings, LLC (8923), SBG Universe Brands, LLC (4322), and GBT Promotions LLC (7003). The mailing address for each Debtor is 105 E. 34th Street, #249, New York, NY 10016. On September 26, 2022, 2022, the Court entered an order [Docket No. 646] closing the chapter 11 cases of the Debtors other than Case No. 21-11194 (JTD), *Sequential Brands Group, Inc.*

[2] Section IV.B.6 of the Plan provides that the Liquidating Trustee shall have the power and authority to: (i) prosecute and resolve (a) objections to Claims and (b) subject to obtaining necessary approval of the Bankruptcy Court, any claims for equitable subordination and recharacterization in connection with such objections; and (ii) prosecute, resolve, and satisfy Administrative/Priority Claims and Other Secured Claims. The Effective Date of the Plan occurred on March 3, 2022.

2. I submit this declaration (the "Declaration") in support of the *Second Omnibus Objection (Substantive) of the Liquidating Trustee to Certain: (A) Reduce and Allow Claims; (B) Reclassify Claims; and (C) No Liability Claims* (the "Second Omnibus Objection").[3]

3. I have reviewed the Second Omnibus Objection, and I am familiar, directly or through other personnel, agents, and attorneys, with the information contained therein and in the exhibits and schedules attached thereto. To the best of my knowledge, information, and belief, the information contained in the Second Omnibus Objection and the exhibits and schedules thereto is true and accurate.

**A. Reduce and Allow Claims**

4. After a review of the books and records, and after consultation with counsel to the Liquidating Trustee, I have determined that each of the Reduce and Allow Claims identified on **Schedule 1** attached to the order approving the Second Omnibus Objection is a claim which overstates the amount owed by the Debtors' estates. I understand that certain of the Reduce and Allow Claims received postpetition payments, so the filed amounts listed on each of the Reduce and Allow Claims are no longer valid and should be reduced to account for such payments. Accordingly, based upon my analysis, the Liquidating Trustee seeks to disallow in part the Reduce and Allow Clams and reduce and allow such claims in the amounts indicated.

**B. Reclassify Claims**

5. After a review of the books and records, and after consultation with counsel to the Liquidating Trustee, I believe that each of the Reclassify Claims listed on **Schedule 2** attached to the order approving the Second Omnibus Objection does not meet the requirements of a proper secured, administrative, or other priority claims, as applicable. For each of the Reclassify Claims,

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

further justification for the objection is included within **Schedule 2**. Accordingly, based upon my analysis and the advice of counsel, the Liquidating Trustee seeks to reclassify each of the Reclassify Claims as a general unsecured claim.

**C. No Liability Claims**

6. After a review of the books and records, and after consultation with counsel to the Liquidating Trustee, I have determined that each of the No Liability Claims on **Schedule 3** attached to the order approving the Second Omnibus Objection should be disallowed in their entirety. The No Liability Claims do not provide evidence of the validity and amount of the No Liability Claim after a reasonable review of the Debtor's books and records., thereby failing to adhere to the requirements under the Bankruptcy Code to sufficiently specify the amount sought. For each of the No Liability Claims, further justification for the objection is included within **Schedule 3**. Accordingly, based upon my analysis and the advice of counsel, the Liquidating Trustee seeks to disallow each of the No Liability Claims.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief, based on the information and records available to me.

Dated: August 28, 2026

Drivetrain LLC as Liquidating Trustee

By: */s/ Thomas G. FitzGerald*
Thomas G. FitzGerald